Carlin Metzger (*Pro hac vice pending*)
cmetzger@cftc.gov
Michael Frisch (*Pro hac vice pending*)
rhowell@cftc.gov
Eric Schleef (*Pro hac vice pending*)
eschleef@cftc.gov
Joseph Konizeski (*Pro hac vice pending*)
jkonizeski@cftc.gov
Attorneys for Plaintiff
Commodity Futures Trading Commission
525 W. Monroe, Suite 1100
Chicago, Illinois 60661
Tel. 312-596-0700; Fax 312-596-0714

Kent Kawakami, California Bar #149803
Assistant United States Attorney
United States Attorney's Office, Civil Division
Central District of California
kent.kawakami@usdoj.gov
300 North Los Angeles St., Room 7516
Los Angeles, California 90012
Tel.: 213-894-4858; Fax: 231-894-2380
Local Counsel

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT CALIFORNIA
## (SOUTHERN DIVISION)

|  |  |  |
|---|---|---|
| _____ | ) | |
| COMMODITY FUTURES TRADING COMMISSION | ) ) ) | Case No: 8:17-cv-01868-JVS-DFM |
| Plaintiff, | ) ) | Hon. James V. Selna |
| vs. | ) ) | **PLAINTIFF'S STATUS REPORT** |
| MONEX DEPOSIT COMPANY, et al. | ) ) | |
| Defendants. | ) | |
| _____ | ) | |

Defendants are engaged in a nationwide fraud and are operating an illegal commodity trading platform.  Monex aggressively markets risky financial transactions that cause approximately 90% of their retail customers to lose money.  Monex markets its "Atlas" precious metals trading program to anyone who "can write the check," despite the significant risks and track record of massive customer losses.  The CFTC's complaint charges Defendants with violating the Commodity Exchange Act in four counts: Count 1–for engaging in leveraged commodity transactions with retail customers without conducting the transactions on a regulated exchange; Counts 2 and 3–for fraud in connection with those transactions; and Count 4–for failure to register with the CFTC.

Concurrent with the filing of the complaint, the CFTC filed a Motion for Preliminary Injunction, seeking an order enjoining Monex from continuing to engage in leveraged commodity trading with retail customers through its Atlas platform, and prohibiting Monex from defrauding customers in connection with these transactions.  Defendants have moved to dismiss the CFTC's complaint, arguing primarily that the complaint fails to adequately allege fraud, and that the CFTC does not have jurisdiction over Defendants' transactions.  The CFTC requests a hearing date and briefing schedule for both motions.

**A.**     **Procedural History and Pending Motions**

1.  Although this action was filed recently in September 2017, the parties have been actively engaged in litigation over the course of several years.  The CFTC opened an investigation into Monex's leveraged commodity transactions in 2013 after receiving complaints that Monex was engaging in fraud through its Atlas Program.  The CFTC issued its first investigative subpoena to Monex on March 20, 2014.

2.  Monex refused to comply with the CFTC's subpoena, arguing that its business fell outside the CFTC's jurisdiction.  On August 8, 2014, the CFTC filed a subpoena enforcement action in U.S. District Court for the Northern District of

Illinois.  The magistrate judge rejected Monex's arguments regarding the CFTC's jurisdiction, finding that Monex's true objection was "to having the CFTC look at the information for evidence of fraud."  *CFTC v. Monex Deposit Co.*, Case No. 14 C 6131, 2014 WL 7213190, *8 (Dec. 17, 2014).  Monex appealed the ruling to the District Court and then to the Seventh Circuit Court of Appeals; both affirmed the order.  *CFTC v. Monex Deposit Co.*, 824 F.3d 690 (7th Cir. June 1, 2016).

3.  On May 2, 2016, the CFTC notified Defendants that the Atlas Program was rife with fraud and abuse, was an illegal unregistered commodity trading platform, and that the CFTC's Enforcement Division planned to recommend the filing of an enforcement action.  Monex made five "Wells" submissions to the CFTC between May 2016 and June 2017, principally arguing that the CFTC lacked authority over Monex and its Atlas platform.  Monex is continuing to engage in off-exchange leveraged commodity transactions with retail customers through its Atlas platform.

4.  The CFTC filed its Complaint (Dkt. 1) on September 6, 2017 and filed a Motion for Preliminary Injunction (Dkt. 6) the same day.  The CFTC's Motion for a Preliminary Injunction seeks an order enjoining Monex from committing further violations of the Act during the pendency of the litigation, appointing an independent monitor to assume control over the Atlas trading platform, freezing Monex's assets or otherwise requiring Monex to post bond in the approximate amount of customer losses from the illegal Atlas transactions, and otherwise preserving the *status quo*.  Defendants have not responded to the motion, and no briefing schedule or hearing date has been set.

5.  On October 3, 2017, Defendants filed a motion to dismiss the CFTC's complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. 40).  Defendants argue that (a) the complaint does not adequately plead fraud; (b) the CFTC does not have jurisdiction because Monex meets the "actual delivery" exception in Section 2(c)(2)(D) of the Commodity Exchange Act; and (c) the CFTC has failed to adequately plead that Louis and Michael Carabini are "controlling persons" of

Monex.  The CFTC has not responded, and no briefing schedule or hearing date is set.

6.  The parties also have filed motions for leave to file memoranda in support of the motion for a preliminary injunction and motion to dismiss that are in excess of the allowed page limits.  These motions are also pending.  (Dkts. 7, 41).

**B.   Proposed Schedule**

7.  The CFTC requests that the Court set a date for a preliminary injunction hearing as soon as practicable, that Monex file its response in opposition not later than twenty-one (21) days before such hearing date in accordance with C.D.C.A. Local Rule ("L.R.") 7-9, and that the CFTC file its reply not later than fourteen (14) days before such hearing date in accordance with L.R. 7-10.

8.  Significantly, if the Court rules that Monex does not make actual delivery of commodities in its leveraged Atlas transactions within the meaning of Section 2(c)(2)(D) of the Commodity Exchange Act, these transactions are illegal.  There is no dispute that Monex is engaging in leveraged commodity transactions with retail customers, and that Monex is not conducting these transactions on a regulated exchange.  Based on prior court filings by Monex, it also appears that there is no material dispute between the parties about how Monex operates its Atlas platform, or even the applicable legal standard – whether Monex transfers possession of and control over metals to customers in its transactions.  *See, e.g., CFTC v. Hunter Wise Commodities, LLC*, 749 F.3d 967, 978-79 (11th Cir. 2014) (interpreting the "actual delivery" exception and and affirming grant of a preliminary injunction against the operators of a retail commodity trading platform).  The CFTC believes that the illegality of Monex's leveraged precious metals transactions alone warrants the entry of a preliminary injunction order.

9.  The CFTC's motion for a preliminary injunction also makes the case that Monex is defrauding retail customers across the country on a massive scale. Between July 16, 2011 and March 31, 2017, more than 12,000 leveraged Atlas

accounts collectively lost more than $290 million.  Yet Defendants continue to lure victims into risky leveraged trading on the Atlas platform.  The CFTC has submitted declarations from ten victims describing how they were lured into the Atlas trap, as well as a declaration from a CFTC investigator and an expert report providing additional information about the structure of Monex's Atlas scam. Depending on how Defendants oppose the CFTC's Motion, the CFTC anticipates a full hearing would take approximately five court days.

10. Because the legal issues to be decided in the CFTC's preliminary injunction motion and the Defendants' motion to dismiss are essentially the same, the CFTC requests a parallel briefing schedule and hearing date for the motion to dismiss.

## C.   Discovery

11. Discovery has been on an informal basis, as the parties have not conducted the Rule 26(f) conference, nor exchanged initial disclosures under Rule 26(a). Nonetheless, the CFTC voluntarily produced to Defendants the documents obtained from third parties in the course of the investigation of Monex, as well as all transcripts of sworn testimony taken during the investigation.  This information was produced to Defendants on September 14, 2017.

12. Additionally, the CFTC voluntarily supplemented its initial production on November 8, 2017 with documents received from third parties since the filing of the complaint.  On November 8, the CFTC voluntarily produced to Defendants documents related to the expert services provided by Robert D. Selvaggio, Ph. D in connection with his report he prepared and which was submitted with the CFTC's motion for a preliminary injunction.

13. Defendants have requested the deposition of the CFTC's investigator, Jeffrey Gomberg.  The CFTC has voluntarily agreed to the deposition (set for December 1), and plans to produce additional documents requested by Defendants in advance of the deposition.

14. The parties disagree about the scope of further discovery in advance of a

preliminary injunction hearing.  Defendants have made clear that they intend to range far beyond issues relevant to the CFTC's motion for a preliminary injunction, and have requested, among other things, documents relating to cases the CFTC filed against other fraudulent businesses, communications between the CFTC and Congress, and internal CFTC deliberative materials.  The CFTC is preparing written responses and objections to these requests.

15. Defendants have also stated that they intend to pursue, in advance of a preliminary injunction hearing, depositions of all the victims that offer sworn declarations attesting to Monex's fraudulent practices.  The CFTC believes that depositions of these victims in advance of a preliminary injunction hearing would be inefficient, burdensome, and contrary to Local Rule 7-8, as several of these declarants are within the subpoena power of this Court and can be available, if necessary, at a hearing.  Additionally, the CFTC is concerned about the potential for witness intimidation and abuse should the depositions be permitted.

**D.    <u>Summary</u>**

16. In summary, the CFTC requests that the Court (1) set briefing schedule and a hearing date on the CFTC's motion for a preliminary injunction and Defendants' motion to dismiss; (2) grant the parties' motions for leave to file memoranda in support of these motions that exceed the page limits provided by the local rules, and which vary from the formatting required by the local rules and court procedures; and (3) allow the parties to file response briefs for both motions in excess of the page limits set by the local rules.

Dated:  November 13, 2017                    Commodity Futures Trading
                                             Commission

                                             By: **<u>/s/ Carlin Metzger</u>**

                                             Attorney for Plaintiff

1

## <u>CERTIFICATE OF SERVICE</u>

2

I, Carlin Metzger, an attorney with the U.S. Commodity Futures Trading

3

Commission, certify that I filed Plaintiff's Status Report electronically, on November

4

13, 2017, and served the document by operation of the Court's electronic filing

5

6

system (ECF) on all counsel of record for the parties.

7

8       Date:  November 13, 2017                    Commodity Futures Trading
                                                     Commission

9

10                                            By: <u>**/s/ Carlin Metzger**</u>

11

12                                            Carlin Metzger (*Pro hac vice pending*)
                                              cmetzger@cftc.gov

13                                            525 W. Monroe, Suite 1100

14                                            Chicago, Illinois 60661
                                              Tel. 312-596-0536

15                                            Fax 312-596-0714

16

17

18

19

20

21

22

23

24

25

26

27

28