STEPHEN J. SENDEROWITZ (*pro hac vice pending*)
Stephen.Senderowitz@dentons.com
STEVEN L. MEROUSE (*pro hac vice pending*)
Steven.Merouse@dentons.com
DENTONS US LLP
233 S. Wacker Drive, Suite 5900
Chicago, Illinois  60606
Telephone: (312) 876-8000
Facsimile: (312) 876-7934

GEORGE B NEWHOUSE, JR. (Bar No. 107036)
George.Newhouse@dentons.com
PAUL M. KAKUSKE (Bar No. 190911)
Paul.Kakuske@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California  90017-5704
Telephone: (213) 623-9300
Facsimile: (213) 623-9924

ANDREW C. LOURIE (*pro hac vice pending*)
Andrew.Lourie@kobrekim.com
BENJAMIN J.A. SAUTER (*pro hac vice pending*)
Benjamin.Sauter@kobrekim.com
KOBRE & KIM LLP
800 Third Avenue
New York, New York  10022
Telephone: (212) 488-1200
Facsimile: (212) 488-1220

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MONEX CREDIT COMPANY, MONEX DEPOSIT COMPANY, NEWPORT SERVICES CORPORATION, MICHAEL CARABINI, AND LOUIS CARABINI<br><br>Defendants. | Case No. 8:17-cv-01868-JVS-DFM<br><br>Hon. James V. Selna<br>Dept. 10C<br><br>**DEFENDANTS' STATUS REPORT**<br><br>Date:  November 20, 2017<br>Time: 11:00 a.m. |

In accordance with the Court's November 2, 2017 Order, the Defendants to this action, though their attorneys, respectfully submit this brief status report.

1. <u>Procedural History</u>

a. *The CFTC's Complaint and Preliminary Injunction Application*

The Monex entities have operated for over 40 years in Orange County and currently have 103 employees with an average length of service of 13.4 years. After an inquiry lasting over three and half years, the CFTC commenced this enforcement action on September 6, 2017, asserting purported violations of the Commodity Exchange Act ("CEA"). The CFTC's claims fall into two categories:

The first category (Counts I and IV) relates to Monex's "Atlas" account program, insofar as it provides retail investors the opportunity to purchase precious metals on a financed basis. The CFTC argues that such financed transactions must be conducted by Monex on a registered exchange and that Monex must be registered as a futures commission merchant. The Atlas account program was launched in 1987 and has operated in essentially the same way for 30 years. There is no dispute that the Atlas account program is *not* subject to CFTC regulation *if* the transactions result in "actual delivery" of customers' precious metals within 28 days, which Monex asserts it satisfies with every purchase. Here, the CFTC alleges that Monex's method of depository delivery of customer metals does not result in "actual delivery." The meaning of this term—and the Defendants' reasonable notice of any such meaning—is a critical issue in this case.

The second category (Counts II and III) relates to Monex's alleged sales practices and whether certain statements (and risk disclosures) in Monex's account agreements and marketing and training materials support a finding of fraud. If the Court finds that the Atlas account accomplishes "actual delivery," Defendants' position is that the CFTC lacks statutory authority to bring *all* Counts in the Complaint, including Counts II and III, while the CFTC argues that Count III would survive a finding of actual delivery.

The CFTC also filed a motion for a preliminary injunction (the "PI Motion"), seeking an order that would, among other things, effectively shut down the Atlas financed-account program, appoint a monitor, and freeze Monex's assets.

The CFTC's PI Motion was accompanied by a 34-page memorandum of law and more than 2,500 pages of evidence, which included, among other things: Declarations and exhibits from 10 of Monex's over 12,000 Atlas account customers over the last 6 years; excerpts from investigative testimony of 5 individuals from depositories and banks with which Monex does business; an expert report and analysis; and a 55-page declaration from a CFTC senior investigator.

b.  *The Illinois Court Encouraged the Parties to Initiate Discovery*

On September 19, 2017, the parties attended a conference to discuss, among other things, a briefing schedule for the PI Motion.  The court in the Northern District of Illinois ("Illinois Court") declined to set a briefing schedule on the PI Motion and, instead, set one for Defendants to move to transfer venue.  The Illinois Court "encouraged [the parties] to initiate discovery prior to the resolution of [the transfer venue] motion." (Order, Sept. 19, 2017.)

c.  *Defendants' Motions to Dismiss and Transfer Venue*

On October 3, 2017, Defendants moved to transfer venue to this District and simultaneously moved to dismiss for failure to state a claim on the grounds that: (1) the CFTC's factual allegations do not state a fraud claim; (2) the CFTC failed to plead its statutory authority over the at-issue transactions and instead pled that the transactions all, in fact, resulted in "actual delivery" under the CEA; and (3) the CFTC's factual allegations do not state a claim for controlling person liability.

On October 10, 2017, the CFTC filed a consent to transfer of venue, and the Illinois Court thereafter ordered that the case be transferred to this District.

d.  *Tag Along Class Action Complaint*

On November 6, 2017, a "tag along" class action complaint was filed against

Defendants in this District, *Bergeron v. Monex Deposit Co., et al.* (Case No. 8:17-cv-1968), which has been assigned to District Judge James V. Selna (Dkt. No. 6).

2. <u>Discovery Update</u>

Despite the Illinois Court's encouragement to "initiate discovery", the CFTC to date has refused to engage in meaningful discussions regarding a discovery schedule. The CFTC has repeatedly asserted that Monex is prohibited from propounding discovery[1] and that there are no factual issues necessitating discovery or an evidentiary hearing on their PI Motion.

As evidenced by the 2,500 pages of exhibits, declarations, and testimony and the expert report appended to the PI Motion, many aspects of this dispute are fact intensive, including in particular the allegations regarding Monex's sales practices and relationships with its customers, depositories, and banks. To adequately oppose the PI Motion—which effectively seeks to close down Monex—Defendants *at a minimum* require the opportunity to depose and cross examine the witnesses against them, particularly the CFTC's investigator and expert (with the aid of Defendants' own expert), the CFTC itself, and the ten customers who submitted declarations in support of the CFTC's motion. Specifically, Defendants have sought and will seek the following discovery:

- The CFTC's expert's Rule 26(b)(4) materials, which the CFTC produced on November 8, 2017, and which Monex contends are incomplete;
- A deposition of the CFTC's primary declarant, Jeffrey Gomberg, which the CFTC agreed to hold on December 1, 2017;
- A Rule 30(b)(6) deposition of the CFTC and related document requests, which were served on October 19 and November 7, 2017, respectively; the

---

[1] The CFTC had produced documents it asserts were produced to it by third-parties and investigative testimony taken by the CFTC during its investigation of Monex. In the CFTC's view, this was the only document discovery to which the Defendants are entitled as not "premature."

CFTC has not responded to the 30(b)(6) notice and asserted on November 8, 2017 that the document request was "premature;" and

- Third-party discovery from the customer-declarants.

3. Outstanding Issues and Proposed Schedule

In light of the above, Defendants respectfully seek the Court's guidance on the following issues at the November 20, 2017 status conference:

a. *Briefing Schedule for Defendants' Motion to Dismiss*

Defendants filed a motion to dismiss and request for permission to file an oversized brief on October 3, 2017,[2] but the case was transferred to this Court before those motions were addressed. Defendants hereby seek leave to file an oversized brief in support of their motion to dismiss and respectfully propose the following schedule related thereto: CFTC's opposition due on December 4, 2017 (which would amount to 62 total days from the date the Defendants' motion was initially filed); Defendants' reply due on December 18, 2017; and oral argument as soon thereafter as the Court directs.

Defendants further respectfully request that the motion to dismiss be heard on an expedited basis—before the PI Motion—for several reasons. First, the motion to dismiss challenges the threshold issue of the CFTC's statutory authority to even pursue this action.[3] Second, Defendants' motion asserts that the CFTC has failed to provide adequate notice of its interpretation of "actual delivery" in violation of Defendants' right to due process, and Defendants should not be required to incur the significant burden of defending against a PI Motion that

---

[2] The memorandum of law in support of the motion to dismiss complies with the Local Rules and individual practices of the Illinois Court. If this Court prefers, Defendants will file a revised memorandum that conforms to local practice.

[3] *See, e.g.*, *Malvino v. Delluniversita*, 840 F.3d 223, 228 (5th Cir. 2016); *cf. Academy of Doctors of Audiology v. Int'l Hearing Soc'y*, 237 F. Supp. 3d 644, 650 (E.D. Mich. 2017) (resolving motion to dismiss that challenged standing before PI Motion).

- 4 -

violates their constitutional rights.  <u>Third</u>, Defendants need an opportunity to pursue the discovery described in Section 2 above in order to adequately defend against the PI Motion, and Defendants would be able to pursue much of that discovery while the motion to dismiss is being adjudicated.  <u>Fourth</u>, the motion to dismiss has the potential to dispose of the entire case and, at a minimum, clarify the appropriate standards and material factual disputes, thus streamlining any evidentiary hearing.  <u>Finally</u>, the CFTC will not be unduly prejudiced: Monex's Atlas account has been in operation in essentially the same way for nearly 30 years; the CFTC conducted two prior inquiries into the Atlas account without bringing charges; and its current investigation dragged on for nearly three and a half years before this action was filed.  And, Monex asserts there is no ongoing fraud or other CEA violation.

      b.  *Consolidated Trial on the Merits*

Although Defendants require discovery to oppose the CFTC's PI Motion, little, if any, additional discovery would likely be required before trial.  Defendants thus request that the Court advance the trial on the merits and consolidate it with the preliminary injunction hearing under Federal Rule of Civil Procedure 65(a)(2).

      c.  *Proposed Discovery Schedule*

Defendants propose the following schedule to govern discovery and briefing on the CFTC's PI Motion:

- *Fact Discovery:* closes 30 days after motion to dismiss is resolved;
- *Defendants' Expert Report:* due 14 days from close of fact discovery;
- *Expert Discovery*: closes 21 days after Defendants' expert report deadline;
- *Defendants' Opposition Brief*: due 21 days after close of expert discovery;
- *CFTC's Reply*: due 14 days after deadline for Defendants' opposition.

Defendants propose that the parties meet and confer following the Court's rulings on the consolidation issue and Defendants' motion to dismiss to discuss additional pre-hearing and pre-trial deadlines.

- 5 -

| | | |
|---|---|---|
| 1 | Dated: November 13, 2017 | DENTONS US LLP<br>GEORGE B. NEWHOUSE, JR.<br>PAUL M. KAKUSKE |
| 2 | | |
| 3 | | |
| 4 | | By: /s/ Paul Kakuske |
| 5 | | Paul M. Kakuske |
| 6 | | *Pro hac vice pending:* |
| 7 | | STEPHEN J. SENDEROWITZ<br>STEVEN L. MEROUSE |
| 8 | | DENTONS US LLP<br>233 S. Wacker Drive, Suite 5900<br>Chicago, Illinois 60606 |
| 9 | | |
| 10 | | ANDREW C. LOURIE<br>BENJAMIN J.A. SAUTER |
| 11 | | KOBRE & KIM LLP<br>800 Third Avenue<br>New York, New York 10022 |
| 12 | | |
| 13 | | Attorneys for Defendants<br>Monex Credit Company, Monex<br>Deposit Company, Newport Service<br>Corporation, Louis Carabini and<br>Michael Carabini |
| 14 | | |
| 15 | | |
| 16 | 105674161 | |