Carlin Metzger *(pro hac vice)*
cmetzger@cftc.gov
Michael Frisch *(pro hac vice)*
mfrisch@cftc.gov
Eric Schleef *(pro hac vice)*
eschleef@cftc.gov
Joseph Konizeski *(pro hac vice)*
jkonizeski@cftc.gov
Attorneys for Plaintiff
Commodity Futures Trading Commission
525 W. Monroe, Suite 1100
Chicago, Illinois 60661
Tel. 312-596-0700; Fax 312-596-0714

Kent Kawakami, California Bar #149803
Assistant United States Attorney
United States Attorney's Office, Civil Division
Central District of California
kent.kawakami@usdoj.gov
300 North Los Angeles St., Room 7516
Los Angeles, California 90012
Tel.: 213-894-4858; Fax: 231-894-2380
Local Counsel

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT CALIFORNIA
SOUTHERN DIVISION

_____

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION | Case No: 8:17-cv-01868-JVS-DFM |
| Plaintiff, | Hon. James V. Selna Dept. 10C |
| vs. | |
| MONEX DEPOSIT COMPANY, et al. | **CFTC'S RESPONSES AND OBJECTIONS TO DEFENDANTS' AMENDED NOTICE OF RULE 30(b)(6) EXAMINATION** |
| Defendants. | |

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Plaintiff U.S. Commodity Futures Trading Commission ("CFTC"), by and through its attorneys, hereby submits its Responses and Objections to Defendants Monex Deposit Company, Monex Credit Company, Newport Services Corporation, Louis Carabini, and Michael Carabini ("Defendants") Notice of Rule 30(b)(6) Examination of U.S Commodity Futures Trading Commission ("Notice").

## GENERAL OBJECTIONS

1.　The CFTC objects to the Notice because it is premature and therefore inconsistent with the Federal Rules of Civil Procedure and the local rules of the Central District of California.  Further, the CFTC objects to producing a witness to testify on the topics in the Notice at this stage in the litigation insofar and to the extent the topics are not narrowly tailored to the issues to be resolved at the preliminary injunction hearing.

2.　The CFTC objects to the Notice to the extent it calls for testimony protected by the deliberative process privilege, the attorney client privilege, the law enforcement privilege, the attorney work product doctrine, or any other applicable privilege or protection.  The CFTC hereby claims such privileges and protections to the extent implicated, and excludes privileged and protected information from responses to the Notice.  The provision of any response herein is not and cannot be deemed a waiver of such or any other privileges.

3.　The CFTC objects to the Notice to the extent it calls for witnesses or preparation beyond that prescribed by the Federal Rules of Civil Procedure.

4.　The CFTC objects to the Notice insofar as it is overbroad and unduly burdensome.

5.　The CFTC objects to the Notice to the extent the information sought is obtainable from sources other than the CFTC that are more convenient, less burdensome, or less expensive than the CFTC (including public sources), or is in the possession, custody, or control of Defendants.

6.　The CFTC objects to the Notice to the extent the information sought is more

properly obtained through other means of discovery besides a Rule 30(b)(6) deposition.

7.      The CFTC objects to the Notice to the extent that each of the topics misrepresents, misstates, or misconstrues the allegations of the Complaint or the arguments in the CFTC's Motion for a Preliminary Injunction and Memorandum in Support Thereof (the CFTC's "PI Motion").

8.      The CFTC reserves the right to supplement, amend, modify or correct its objections and responses.

9.      The CFTC incorporates each of these General Objections into its responses to each of Defendants' topics and sub-topics, whether or not each such General Objection is expressly referred to in the CFTC's response to a specific topic.

## DESIGNATIONS AND OBJECTIONS

**TOPIC 1:** The allegations and contentions by the CFTC in its Complaint and Memorandum in Support of its Motion for a Preliminary Injunction.

**RESPONSE:** In addition to its general objections, the CFTC objects to this topic on the grounds that it is overbroad and unduly burdensome, and lacks the required specificity and particularity, insofar as it purports to require the CFTC to prepare a witness to testify about every allegation in the Complaint and every contention in the CFTC'S PI Motion, without specifying which particular allegations and contentions. The CFTC further objects to this topic insofar as it calls for testimony concerning information protected by the attorney-client privilege, work product doctrine, deliberative process privilege, or other applicable privilege or protection.  In light of the fact that Defendants have specified particular allegations and contentions about which they seek testimony (*see* Topics 1a. through 1p., below), the CFTC will not produce a witness to testify generally about other, un-specified "allegations and contentions" in the Complaint and the CFTC'S PI Motion.

**TOPIC 1a:** The allegation in paragraph 17 and 21 of the Complaint that Sections 742 and/or 753 of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010

("Dodd-Frank Act") broadened the CFTC's jurisdiction or authority.

**RESPONSE:** In addition to its general objections, the CFTC objects to this topic, as it is a pure issue of law and therefore not a proper 30(b)(6) deposition topic. *See, e.g. 3M Co. v. Kanbar,* No. C06-01225, 2007 WL 1794936, at *2 (N.D. Cal. June 13, 2007) (topics "seeking legal conclusions ... should not form the basis for 30(b)(6) deposition topics"); *Lenz v. Universal Music Corp.,* No. C-07-03783, 2010 WL 1610074 (N.D.Cal. Apr.20, 2010) (same). The CFTC further objects because the topic necessarily calls for testimony concerning information protected by the attorney-client privilege, work product doctrine, deliberative process privilege, and/or other applicable privileges and protections from discovery.

The CFTC further objects that it is unduly burdensome and unnecessary to prepare a witness to testify about a legal statement that is plainly correct. *See, e.g. CFTC v. Worth Group Inc.*, 2014 WL 12461356, at *2 (April 14, 2014) ("Effective July 16, 2011, the Dodd-Frank Act ***broadened the scope of the CFTC's jurisdiction*** to include financed commodity transactions with retail customers.") (emphasis added); *CFTC v. Hunter Wise Commodities, LLC*, 21 F. Supp. 3d 1317, 1344 (S.D. Fla. 2014) ("Dodd-Frank ***broadened the CFTC's jurisdiction*** to include financed commodity transactions with consumers.") (emphasis added). The CFTC will not produce a witness to testify on this topic.

**TOPIC 1b:** The allegation in paragraph 38 of the Complaint that Monex requires its Atlas customers to sign and return an Atlas account agreement.

**RESPONSE:** Subject to and without waiving its general objections, the CFTC will designate Jeffrey Gomberg to testify concerning this topic.

**TOPIC 1c:** The allegations in paragraphs 1, 2, 43, 45, and 52 of the Complaint and on pages 20 through 22 of the CFTC'S PI Motion that approximately 90% of leveraged Atlas accounts lost money between July 16, 2011 and March 31, 2017.

**RESPONSE:** Subject to and without waiving its general objections, the CFTC will

designate Jeffrey Gomberg to testify concerning this topic.

**TOPIC 1d:** The allegations in paragraphs 4 and 43 of the Complaint and on pages 1 and 19 and 21 through 22, and 30 of the CFTC'S PI Motion that a substantial portion of customer losses were caused by outsized price spreads, commissions, interest on loans, and administrative fees, and that, due to the structure of the Atlas account, customer losses are all but certain or inevitable.

**RESPONSE:** In addition to its general objections, the CFTC objects to this request insofar as the topic is and will be a subject of expert testimony.  Subject to and without waiving its general objections, the CFTC will designate Jeffrey Gomberg to testify concerning this topic.

**TOPIC 1e:** The allegation in paragraphs 44, 45, 52 through 55, 65, and 69 of the Complaint and on pages 22 through 24 of the CFTC'S PI Motion that Monex, Louis Carabini, and/or Michael Carabini were actually aware of, or recklessly disregarded, the losses suffered by its leveraged Atlas customers.

**RESPONSE:** The CFTC directs Defendants to the CFTC's PI Motion and evidence cited therein, which specifically provided support for the referenced allegations. See, for example, Section IV. B of the PI Motion, "Monex and its Owners Know the Atlas Program is a Scam."  The CFTC objects to this topic because it seeks information readily available to the Defendants.  Furthermore, the CFTC objects that it would be unduly burdensome and inefficient to prepare a witness to testify about the knowledge scienter of the Defendants, especially when the information may be pursued more efficiently through other methods of discovery.  *See, e.g. Gen-Probe Inc. Becton, Dickinson & Co.*, No. 09CV2319 BEN (NLS), 2012 WL 12845593, at *2 (S.D. Cal. Mar. 28, 2012); *Smithkline Beecham Corp. v. Apotex Corp.*, 2000 WL 116082, *9 (N.D. Ill. 2000) ("the recipient of a Rule 30(b)(6) request is not required to have its counsel muster all of its factual evidence to prepare a witness to be able to testify regarding a defense or

claim."); *In re Indep. Serv. Orgs. Antitrust Litig.*, 168 F.R.D. 651, 654–55 (D. Kan. 1996) (issuing protective order preventing Plaintiff from discovering "the facts upon which Xerox will rely for its defense and counterclaims" through a Rule 30(b)(6) deposition because it is "overbroad, inefficient, and unreasonable," and "implicates serious privilege concerns, and potential problems with confidential information").  The CFTC will not produce a witness to testify on this topic.

**TOPIC 1f:** The allegation in paragraphs 8, 77, 86, 92, and 100 of the Complaint that Louis Carabini, and/or Michael Carabini exercised direct or indirect control over Monex and either failed to act in good faith or knowingly induced the acts constituting Monex's purported violations.

**RESPONSE:** The CFTC directs Defendants to the CFTC's PI Motion and evidence cited therein, which specifically provided support for the referenced allegations. See, for example, Section IV. B of the PI Motion, "Monex and its Owners Know the Atlas Program is a Scam."  See also the testimony of both Michael Carabini and Louis Carabini taken during the CFTC's investigation, and the many declarations of Louis Carabini submitted in various cases.  Michael and Louis Carabini leave no doubt in their own testimony that they exercise direct control over Monex.  The CFTC objects to this topic because it seeks information readily available to the Defendants.  Furthermore, the CFTC objects that it would be unduly burdensome and inefficient to prepare a witness to testify about the knowledge scienter of the Defendants, especially when the information may be pursued more efficiently through other methods of discovery.  The CFTC will not produce a witness to testify on this topic.

**TOPIC 1g:** The allegation on page 6 of the MOL that actual delivery requires that the seller transfer to the buyer possession of and control over a commodity.

**RESPONSE:** In addition to its general objections, the CFTC objects to this topic, as it is a pure issue of law and therefore not a proper 30(b)(6) deposition topic.  *See, e.g.,*

*CFTC v. Hunter Wise Commodities, LLC*, 749 F.3d 967, 978-79 (11th Cir. 2014) ("Delivery" is "[t]he formal act of transferring something"; it denotes a transfer of possession and control. *Black's Law Dictionary* 494 (9th ed. 2009). "Actual delivery" denotes "[t]he act of giving real and immediate possession to the buyer or the buyer's agent." "Actual" is that which "exist[s] in fact" and is "real," rather than constructive.") The CFTC further objects because the topic necessarily calls for testimony concerning information protected by the attorney-client privilege, work product doctrine, deliberative process privilege, and/or other applicable privileges and protections from discovery. The CFTC will not prepare a witness to testify on this topic.

**TOPIC 1h:** The allegations in paragraphs 38 through 42 of the Complaint and on pages 2 and 6 through 18 of the MOL that Monex's Atlas customers did not possess, control, own, or acquire purchased metals, and that Monex's transfer of ownership of the metals underlying customers' open positions is in reality just a book-entry in Monex's records and/or a sham.

**RESPONSE:** The CFTC directs Defendants to the CFTC's PI Motion and evidence cited therein, which specifically provided support for the referenced allegations. See, for example, Section III and its subsections including 2 – "Monex Maintains Possession of Atlas Platform Metals in Depositories Subject to Monex Control"; 3 – "Monex's Customer Account Agreements Give Monex Complete Control over Atlas Metals"; 4 – "Monex Can (and Does) Liquidate Customer Trading Positions At Any Time"; 5 – "Monex's 'Title Transfer' Notices Are a Sham;" 6 – "Monex's Short Trading Positions Illustrate the Fiction of Monex's Claimed 'Delivery' to Customers in Leveraged Atlas Trades"; and 7 – "Atlas Platform Metals Secure Monex's Own Financing." The CFTC objects to this topic because it seeks information readily available to the Defendants. Furthermore, the CFTC objects that it would be unduly burdensome and inefficient to prepare a witness to testify about all of the factual bases underlying these allegations, especially when the information may be pursued more

efficiently through other methods of discovery.  To the extent this topic relates to the CFTC's review and summary of Monex's transactional data, it is covered by other topics in Defendants' notice and the CFTC will designate Jeffrey Gomberg on those topics.  The CFTC will not produce a witness to testify on this topic.

**TOPIC 1i:** The allegations in paragraphs 32, 41, 42, 57, 58, and 63 of the Complaint and pages 4 and 11 through 12 of the MOL that Monex can and does liquidate customers' trading positions at any time and for any reason without providing notice to the customer.

    **RESPONSE:** The CFTC directs Defendants to the CFTC's PI Motion and evidence cited therein, which specifically provided support for the referenced allegations.  See, for example, Section III and its subsections including 4 – "Monex Can (and Does) Liquidate Customer Trading Positions At Any Time."  In that section, the CFTC extensively quotes Defendants' own documents including Monex's "Margin Requirements," the "Atlas" account agreements, Monex's "Management Presentation," Monex's "Desktop Guide" and more.  The CFTC objects to this topic because it seeks information readily available to the Defendants.  Furthermore, the CFTC objects that it would be unduly burdensome and inefficient to prepare a witness to testify about all of the factual bases underlying these allegations, especially when the information may be pursued more efficiently through other methods of discovery.  To the extent this topic relates to the CFTC's review and summary of Monex's transactional data, it is covered by other topics in Defendants' notice and the CFTC will designate Jeffrey Gomberg on those topics.  The CFTC will not produce a witness to testify on this topic.

**TOPIC 1j:** The allegations in paragraphs 56, 57, and 63 of the Complaint that Monex made false and misleading statements about who owned, possessed, and otherwise controlled customers' leveraged precious metals.

    **RESPONSE:** The CFTC directs Defendants to the CFTC's PI Motion and

evidence cited therein, which specifically provided support for the referenced allegations. See, for example, Section III and its subsections including 4 – "Monex Can (and Does) Liquidate Customer Trading Positions At Any Time."  See also Section IV. C. – "Monex Deceptively Pitches the Atlas Program as a Safe, Secure and Profitable Investment." The CFTC objects that it would be unduly burdensome and inefficient to prepare a witness to testify about all of the factual bases underlying these allegations, especially when the information may be pursued more efficiently through other methods of discovery.  The CFTC will not produce a witness to testify on this topic.

**TOPIC 1k:** The allegations in paragraph 6 of the Complaint and on page 4 of the MOL that an Atlas transaction operates similarly to a futures trade on a regulated exchange.

**RESPONSE:** The CFTC directs Defendants to the CFTC's PI Motion and evidence cited therein, which specifically provided support for the referenced allegations. The CFTC designates Jeffrey Gomberg to testify regarding this topic.

**TOPIC 1l:** The allegation on pages 16 through 18 of the MOL that Monex uses customer metals as collateral to secure its own financing, and that Monex cannot obtain this financing unless Monex and its creditors at all times have possession of and complete control over such metals.

**RESPONSE:** The CFTC directs Defendants to the CFTC's PI Motion and evidence cited therein, which specifically provided support for the referenced allegations. See, for example, Section III and its subsections including 7 – "Atlas Platform Metals Secure Monex's Own Financing."  In that section, the CFTC extensively quotes Defendants' own documents and agreements with its lenders, including Monex financing agreements with Wells Fargo, Farmers & Merchants Bank, and the financing Monex obtains(ed) through its Scala and Concord affiliates.  The CFTC objects to this topic because it seeks information readily available to the Defendants.  Furthermore, the CFTC objects that it would be unduly burdensome and inefficient to prepare a witness to testify

about all of the factual bases underlying these allegations, especially when the information may be pursued more efficiently through other methods of discovery.  To the extent this topic relates to the CFTC's review and summary of Monex's transactional data, it is covered by other topics in Defendants' notice and the CFTC will designate Jeffrey Gomberg on those topics.  The CFTC will not produce a witness to testify on this topic.

**TOPIC 1m:** The allegations in paragraphs 4, 45 through 55, 59 through 63, 69 and 81 of the Complaint and on pages 24 through 28 and 30 of the MOL that Monex made false or misleading representations about the security, intrinsic value, and profitability of its Atlas account.

**RESPONSE:** The CFTC directs Defendants to the CFTC's PI Motion and evidence cited therein, which specifically provided support for the referenced allegations. See, for example, Section IV. C. – "Monex Deceptively Pitches the Atlas Program as a Safe, Secure and Profitable Investment."   The CFTC objects that it would be unduly burdensome and inefficient to prepare a witness to testify about all of the factual bases underlying these allegations, especially when the information may be pursued more efficiently through other methods of discovery.  To the extent this topic relates to the CFTC's review and summary of Monex's transactional data, it is covered by other topics in Defendants' notice and the CFTC will designate Jeffrey Gomberg on those topics.  The CFTC will not produce a witness to testify on this topic.

**TOPIC 1n:** The allegations in paragraphs 5 and 64 of the Complaint and on page 29 of the MOL that Monex account representatives were trained to tell and/or did tell customers they would act as fiduciaries and in the customer's best interests.

**RESPONSE:** Subject to and without waiving its general objections, the CFTC designates Jeffrey Gomberg to testify concerning this topic.  Answering further, the CFTC directs Defendants to the CFTC's PI Motion and evidence cited therein, which

specifically provided support for the referenced allegations.

**TOPIC 1o:** The allegation on page 30 of the MOL that Monex account representatives entered leveraged trades for customers despite clear instructions that the customer was not interested in leveraged trading.

    **RESPONSE:** Subject to and without waiving its general objections, the CFTC designates Jeffrey Gomberg to testify concerning this topic.  Answering further, the CFTC directs Defendants to the CFTC's PI Motion and evidence cited therein, which specifically provided support for the referenced allegations.  For example, the PI Motion specifically cites the declarations of two Monex customers.

**TOPIC 1p:** The allegations on page 33 of the MOL that, without an injunction, Monex will continue to offer customers off-exchange leveraged Atlas commodity trading and will continue to fraudulently induce retail customers into entering into leveraged precious metals transactions with Monex.

    **RESPONSE:** Throughout the course of the CFTC's entire investigation, including all of Wells submissions Defendants provided, Defendants have made it clear that they will continue to offer customers off-exchange leveraged Atlas commodity trading, and have indicated that they have not and do not intend to change any aspect of their business.  If this has changed, Defendants should immediately provide information to the CFTC about the changes to its business.  Since the filing of the case, the CFTC has inquired as to whether Defendants have changed aspects of the Atlas program, but Defendants declined to respond absent a formal discovery request.  The CFTC objects to this topic because it would be unduly burdensome and inefficient to prepare a witness to testify about information that is readily available to Defendants.  The CFTC will not produce a witness to testify on this topic.  The CFTC also directs Defendants to the CFTC's PI Motion and evidence cited therein, which specifically provided support for the referenced allegations.

**TOPIC 2:** The CFTC's review of, investigation of, interviews or conversations with, and/or analysis concerning Monex's customers, including, but not limited to, any and all documents and communications between CFTC and Monex's customers, the number of customers' accounts reviewed, the number of complaining customers identified, the number of customers interviewed and the content and substance of those interviews, and the number of customers approached to provide affidavits in support of the Motion for Preliminary Injunction.

**RESPONSE:** The CFTC objects that it would be unduly burdensome and inefficient to prepare a witness to testify about all of the sub-topics identified in Topic 2, especially when the information may be pursued more efficiently through other methods of discovery.  The CFTC further objects to this topic to the extent it purports a CFTC witness to commit to memory multiple "documents and communications," interview notes, figures, and other items, especially when the CFTC has produced written affidavits setting forth certain victims' testimony, all of which makes clear that a 30(b)(6) deposition on this topic is not appropriate.  The CFTC also objects to this topic to the extent it calls for attorney work product.  Subject to and without waiving its general objections, the CFTC designates Jeffrey Gomberg to testify concerning this topic.

**TOPIC 3:** The CFTC's review of, investigation of, interviews or conversations with, and/or analysis concerning Monex's lenders, depositories, investment bankers, and trustees, including, but not limited to, any and all documents and communications between CFTC and such entities, and the content and substance of any interviews or testimony with such entities.

**RESPONSE:** In addition to its general objections, the CFTC objects to this topic because it clearly calls for testimony concerning information protected by the attorney-client privilege, work product doctrine, deliberative process privilege, and/or other applicable privileges and protections from discovery, including by calling for testimony

concerning "analysis" performed by the CFTC on Monex's business partners.  The CFTC further objects that this topic is not narrowly tailored to the issues to be decided at the preliminary injunction hearing.  Furthermore, the CFTC objects that it would be unduly burdensome, inefficient, and otherwise problematic to prepare a witness to testify about all of the sub-topics identified in Topic 2, especially when the information may be pursued more efficiently through other methods of discovery.  The transcripts of testimony of Monex's lenders, depositories, investment bankers and the trustees of the Concord and Scala trusts are a much more efficient source of information relating to this topic than a CFTC representative.  The CFTC further objects to this topic to the extent it purports a CFTC witness to commit to memory multiple "interviews or conversations" with multiple parties, especially when the CFTC has produced transcripts of investigative testimony with those same parties, which makes clear that a 30(b)(6) deposition on this topic is not appropriate.  The CFTC will not produce a witness to testify on this topic.

**TOPIC 4:** Any and all documents and communications between the CFTC and Monex's employees or former employees relating to the CFTC' s investigation or enforcement action against Monex.

　　**RESPONSE:** In addition to its general objections, the CFTC objects to this topic as it clearly calls for testimony concerning information protected by the attorney-client privilege, work product doctrine, deliberative process privilege, and/or other applicable privileges and protections from discovery.  Furthermore, the CFTC objects that it would be unduly burdensome and inefficient to prepare a witness to testify about all of the "documents and communications" in Topic 4, especially when the information may be pursued more efficiently through other methods of discovery.  The CFTC will not produce a witness to testify on this topic.

　　**TOPIC 5:** The CFTC's position regarding the existence and scope of its jurisdiction and/or regulatory authority over financed, fully-paid, and/or "short" (or

commodity loan) retail precious metals transactions, and the application of the Commodities Exchange Act to such transactions, both before and after the enactment of the Dodd Frank Act.

**RESPONSE:** In addition to its general objections, the CFTC objects to this topic, as it is a pure issue of law and therefore not a proper 30(b)(6) deposition topic. The CFTC's position regarding its jurisdiction over the Atlas program is clearly set out in the CFTC's PI Motion, and was previously discussed in multiple briefs before the U.S. District Court for the Northern District of Illinois and Seventh Circuit Court of Appeals, in the subpoena enforcement action. The CFTC further objects because the topic necessarily calls for testimony concerning information protected by the attorney-client privilege, work product doctrine, deliberative process privilege, and/or other applicable privileges and protections from discovery. The CFTC objects to this request as overbroad and unduly burdensome, as it is unlimited in time and scope, and on its face could cover a period stretching back to the establishment of the CFTC. The CFTC will not produce a witness to testify on this topic.

**TOPIC 5a:** Any and all findings, holdings, rulings, CFTC Office of General Counsel Opinions, or other determinations by the CFTC of what constitutes Actual Delivery for financed precious metals transactions, including the Actual Delivery Interpretation.

**RESPONSE:** In addition to its general objections, the CFTC objects to this topic, as it is a pure issue of law and therefore not a proper 30(b)(6) deposition topic. The CFTC further objects that this topic is not narrowly tailored to the issues to be decided at the preliminary injunction hearing. The CFTC further objects because the topic necessarily calls for testimony concerning information protected by the attorney-client privilege, work product doctrine, deliberative process privilege, and/or other applicable privileges and protections from discovery. The CFTC further objects to the extent that this topic purports to require a witness to testify about the Actual Delivery Interpretation, which was public guidance released by the CFTC, which is a matter of public record and

speaks for itself.  The CFTC will not produce a witness to testify on this topic.

**TOPIC 5b:** Any and all public statements made by the CFTC regarding purported precious metals fraud, off-exchange precious metals transactions, and/or what constitutes Actual Delivery for financed precious metals transactions.

   **RESPONSE:** In addition to its general objections, the CFTC objects to this topic, because this topic is overbroad and seeks information that is neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.  For example, the CFTC has issued numerous press releases about other precious metals fraud cases and off-exchange precious metals transaction cases that it has brought since the enactment of Dodd-Frank.  The facts and circumstances of these cases bear no relevance whatsoever to this action, against Monex, and it would be unduly burdensome and unnecessary to prepare a witness to testify about the particulars of each of these irrelevant enforcement actions.  The CFTC further objects to the extent that this topic purports to require a witness to testify about public statements made by the Commission, which are by definition matters of public record available to Defendants, and which speak for themselves.  To the extent the topic purports to require a witness to testify about the development of the content of such public statements, the objects because the topic necessarily calls for testimony concerning information protected by the attorney-client privilege, work product doctrine, deliberative process privilege, and/or other applicable privileges and protections from discovery.  In addition, the CFTC objects that this topic is not narrowly tailored to the issues to be decided at the preliminary injunction hearing. The CFTC will not produce a witness to testify on this topic.

**TOPIC 5c:** Any and all documents and communications between the CFTC and the U.S. Senate, the U.S. Congress, or their members or committees regarding Actual Delivery and/or the provisions that were included in or proposed or considered to be included in Dodd-Frank Act Sections 742 and 753.

**RESPONSE:** In addition to its general objections, the CFTC objects to this topic because it seeks information that is neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence. The CFTC further objects that this topic is not narrowly tailored to the issues to be decided at the preliminary injunction hearing. The CFTC further objects to the extent that this topic calls for testimony concerning information protected by the attorney-client privilege, work product doctrine, deliberative process privilege, and/or other applicable privileges and protections from discovery. The CFTC will not produce a witness to testify on this topic

**TOPIC 5d:** The June 4, 2009 Congressional Agriculture Subcommittee hearing addressing the CFTC's jurisdiction over precious metal retailers, including but not limited to statements provided by then-Acting Director of the CFTC Division of Enforcement Steven Obie, a transcript of which is attached hereto as Exhibit 1, and any and all documents and communications related to the preparation, evaluation, distribution, or discussion of such statements.

**RESPONSE:** In addition to its general objections, the CFTC objects to this topic because it seeks information that is neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence. The CFTC further objects to producing a witness to testify about a public hearing from over eight years ago, when the hearing was a matter of public record and Monex has (and has attached) a transcript of that hearing. The CFTC further objects that this topic is not narrowly tailored to the issues to be decided at the preliminary injunction hearing. The CFTC further objects to the extent that this topic calls for testimony concerning information protected by the attorney-client privilege, work product doctrine, deliberative process privilege, and/or other applicable privileges and protections from discovery. The CFTC will not produce a witness to testify on this topic.

**TOPIC 5e:** The August 17, 2009 letter from Gary Gensler to U.S. Senate Committee on

16

Agriculture, Nutrition, and Forestry, attached hereto as Exhibit 2, and any and all
documents and communications related to the preparation, evaluation, distribution, or
discussion of such letter.

**RESPONSE:** In addition to its general objections, the CFTC objects to this topic
because it seeks information that is neither relevant to this action, nor reasonably
calculated to lead to the discovery of admissible evidence. The CFTC further objects to
producing a witness to testify about a public letter sent over eight years ago, especially
when Monex has a copy of the letter, which speaks for itself. The CFTC further objects
that this topic is not narrowly tailored to the issues to be decided at the preliminary
injunction hearing. The CFTC further objects to the extent that this topic calls for
testimony concerning information protected by the attorney-client privilege, work
product doctrine, deliberative process privilege, and/or other applicable privileges and
protections from discovery. The CFTC will not produce a witness to testify on this topic.

**TOPIC 5f:** The April 30, 2014 statements by the Deputy Director of the CFTC Division
of Enforcement Rosemary Hollinger before the United States Senate Special Committee
on Aging, a transcript of which is attached as exhibit 3 and a video of which is available
at https://www.aging.senate.gov/hearings/exploring-the-perils-of-theprecious-
metals-market, and any and all documents and communications related to the
preparation, evaluation, distribution, or discussion of such statement.

**RESPONSE:** In addition to its general objections, the CFTC objects to this topic
because it seeks information that is neither relevant to this action, nor reasonably
calculated to lead to the discovery of admissible evidence. The CFTC further objects to
producing a witness to testify about a public hearing from 2014, when the hearing was a
matter of public record and Monex has (and has attached) a transcript of that hearing.
The CFTC further objects that this topic is not narrowly tailored to the issues to be
decided at the preliminary injunction hearing. The CFTC further objects to the extent
that this topic calls for testimony concerning information protected by the attorney-client

privilege, work product doctrine, deliberative process privilege, and/or other applicable privileges and protections from discovery. The CFTC will not produce a witness to testify on this topic.

**TOPIC 5g:** How the Atlas Program would need to be altered or amended in order to satisfy the CFTC's interpretation of Actual Delivery.

**RESPONSE:** In addition to its general objections, the CFTC objects to this topic because appears to be seeking legal advice. The CFTC also objects to this topic, as it is a pure issue of law and therefore not a proper 30(b)(6) deposition topic. The CFTC further objects because the topic necessarily calls for testimony concerning information protected by the attorney-client privilege, work product doctrine, deliberative process privilege, and/or other applicable privileges and protections from discovery. The CFTC will not produce a witness to testify on this topic.

**TOPIC 6:** Any regulatory actions, whether formal or informal, taken by the CFTC regarding purported off-exchange precious metals transactions in violation of Section 4(a) and/or Section 4d of the Commodity Exchange Act since the passage of the Dodd Frank Act, including in particular with respect to the Worth Group, Inc., and Hunter Wise Commodities, LLC.

**RESPONSE:** In addition to its general objections, the CFTC objects to this topic, because this topic is overbroad and seeks information that is neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence. For example, the CFTC has brought multiple enforcement actions (over 40) regarding off-exchange precious metals transactions in violation of Section 4(a) and/or Section 4d of the CEA since the passage of Dodd-Frank. The particulars of these actions, beyond their precedential value as reflected in published resolutions, are entirely irrelevant to the claims or issues in this case. Accordingly, it would be unduly burdensome and unnecessary to prepare a witness to testify about the particulars of each of these irrelevant

enforcement actions.  The CFTC further objects to the extent that this topic purports to require a witness to testify about public statements made by the Commission, which are by definition matters of public record available to Defendants, and which speak for themselves.

In addition, the CFTC objects because the topic necessarily calls for testimony concerning information protected by the attorney-client privilege, work product doctrine, deliberative process privilege, and/or other applicable privileges and protections from discovery.  In addition, the CFTC objects that this topic is not narrowly tailored to the issues to be decided at the preliminary injunction hearing.

Finally, the CFTC objects in particular to producing a witness to testify about the action against Worth Group Inc., when Defendants' lawyers actively participated in that case as counsel for the defendants, and Defendants' attorneys are therefore well versed in the details of that matter.


**TOPIC 7:** The Consent Order of Permanent Injunction and Other Statutory and Equitable Relief Against Worth Group Inc., Andrew Wilshire, and Eugenia Mildner dated  January 29, 2016 in *CFTC v. Worth Group Inc., et al.,* No. 9:13-cv-80796 (S.D. Fl.), attached hereto as Exhibit 4; the changes, if any, made by Worth Group Inc. to its method of delivery of precious metals in connection with and/or as a result of such Consent Order; and whether such methods of delivery constitute Actual Delivery.

**RESPONSE:** In addition to its general objections, the CFTC objects to this topic, because this topic is overbroad and seeks information that is neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.  The particulars of the Consent Order involving the defendants in *Worth Group Inc.*, whether Worth Group Inc. changed its business practices following the Consent Order, whether it is violating the Consent Order now, or whether the CFTC is currently investigating Worth Group Inc., are all issues that are entirely irrelevant to the claims or issues in this case.  The CFTC further objects to the extent that this topic purports to require a witness

to testify about a public document, the content of which is available to Defendants and is a matter of public record, and which speaks for itself.

In addition, the CFTC objects because the topic necessarily calls for testimony concerning information protected by the attorney-client privilege, work product doctrine, deliberative process privilege, and/or other applicable privileges and protections from discovery.  In addition, the CFTC objects that this topic is not narrowly tailored to the issues to be decided at the preliminary injunction hearing.

Finally, the CFTC objects in particular to producing a witness to testify about the action against Worth Group Inc., when Defendants' lawyers actively participated in negotiating that Consent Order, and already are well versed in its details.

**TOPIC 8:** The CFTC's review, evaluation and consideration of Monex's risk disclosure statements included in, among other things, the Atlas account agreements, verbal disclosures, commodity transfer notice and Atlas brochures.

**RESPONSE:** In addition to its general objections, the CFTC objects to this topic because it calls for testimony concerning information protected by the attorney-client privilege, work product doctrine, deliberative process privilege, and/or other applicable privileges and protections from discovery.  This topic is also overly broad and unduly burdensome.  The CFTC will not produce a witness to testify on this topic.

**TOPIC 9:** 17 C.F.R. 1.55 and the disclosures discussed therein.

**RESPONSE:** In addition to its general objections, the CFTC objects to this topic, as it is a pure issue of law and therefore not a proper 30(b)(6) deposition topic.  The CFTC further objects because the topic necessarily calls for testimony concerning information protected by the attorney-client privilege, work product doctrine, deliberative process privilege, and/or other applicable privileges and protections from discovery.  The CFTC objects that this topic lacks the required particularity and specificity – it would be unduly burdensome (if not impossible) to prepare a witness to be able to answer any question counsel could pose about a specific regulation.  The CFTC further objects that

this topic is not narrowly tailored to the issues to be decided at the preliminary injunction hearing.  The CFTC will not prepare a witness to testify on this topic.

**TOPIC 10:** What, if any, negative impact on Atlas customers does the CFTC contend Monex's Atlas actual delivery structure and/or operations cause. Negative impact includes any added financial risk to customers beyond the risk to customers that the CFTC believes would exist with an actual delivery model which the CFTC claims is not a sham. In considering risks, please tie your contentions specifically to the Atlas elements which the CFTC delineates on pages 6 through 18 of the MOL and in paragraphs 80 through 103 of the Gomberg Declaration ("Atlas Elements").  Please also describe the differences, if any, between the elements of the Atlas program delineated in the Gomberg declaration and the CFTC complaint versus the Worth finance precious metals program as it existed when the Worth consent order was executed, as any such differences relate to any increased risk to the customer?

**RESPONSE:** In addition to its general objections, the CFTC objects to this topic, because this topic is overbroad and seeks information that is neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.  The CFTC further objects that this topic is not narrowly tailored to the issues to be decided at the preliminary injunction hearing.  The CFTC further objects because the topic necessarily calls for testimony concerning information protected by the attorney-client privilege, work product doctrine, deliberative process privilege, and/or other applicable privileges and protections from discovery.

The CFTC further objects to preparing a witness to make a comparison between this case and a prior case against an entirely separate business (the Worth Group), as such a comparison is entirely irrelevant to the claims or issues in this case.  Finally, the CFTC objects in particular to producing a witness to testify about the action against Worth Group Inc., when Defendants' lawyers actively participated in negotiating that Consent Order, and already are well versed in its details.  The CFTC will not produce a witness to

testify on this topic.

**TOPIC 11:** The CFTC's archiving and maintenance of information and documents regarding: (1) percentage of customer profitable versus non-profitable non-discretionary accounts in the commodities/futures markets and what that information indicates is the percentage of profitable versus non-profitable non-discretionary accounts in the commodities and futures markets over the past 50 years, (ii) policy discussions as to why the CFTC does not recommend or require, and why Congress does not require, commodities firms to disclose profitable versus non-profitable non-discretionary accounts for customers who are speculators, as opposed to hedgers.

**RESPONSE:** In addition to its general objections, the CFTC objects to this topic, because this topic is overbroad and seeks information that is neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence. Whether the CFTC maintains information about the percentage of profitable versus non-profitable non-discretionary accounts in the commodity futures markets is entirely irrelevant to the claims or issues in this case. The CFTC further objects to the extent that the Topic calls for testimony concerning information protected by the attorney-client privilege, work product doctrine, deliberative process privilege, and/or other applicable privileges and protections from discovery.

The CFTC further objects that this topic is not narrowly tailored to the issues to be decided at the preliminary injunction hearing. The CFTC further objects to this request as overbroad and unduly burdensome, as it is unlimited in time and scope, and on its face could cover a period stretching back to the establishment of the CFTC. The CFTC will not produce a witness to testify on this topic.

**TOPIC 12:** Why does the CFTC contend that Monex Atlas delivery is a sham under Dodd Frank. What is actual delivery under Dodd Frank and what specifically about the Atlas delivery mechanism fails to meet the requirements of actual delivery under Dodd

Frank.

**RESPONSE:**  The CFTC directs Defendants to the CFTC's PI Motion and evidence cited therein, which specifically provided support for the referenced allegations. See, for example, Section III and its subsections including 2 – "Monex Maintains Possession of Atlas Platform Metals in Depositories Subject to Monex Control"; 3 – "Monex's Customer Account Agreements Give Monex Complete Control over Atlas Metals"; 4 – "Monex Can (and Does) Liquidate Customer Trading Positions At Any Time"; 5 – "Monex's 'Title Transfer' Notices Are a Sham;" 6 – "Monex's Short Trading Positions Illustrate the Fiction of Monex's Claimed 'Delivery' to Customers in Leveraged Atlas Trades"; and 7 – "Atlas Platform Metals Secure Monex's Own Financing."  The CFTC objects to this topic because it seeks information readily available to the Defendants.  Furthermore, the CFTC objects that it would be unduly burdensome and inefficient to prepare a witness to testify about all of the factual bases underlying these allegations, especially when the information may be pursued more efficiently through other methods of discovery.  To the extent this topic relates to the CFTC's review and summary of Monex's transactional data, it is covered by other topics in Defendants' notice and the CFTC will designate Jeffrey Gomberg on those topics.  The CFTC will not produce a witness to testify on this topic.

**TOPIC 13:** Whether the CFTC requires any financed precious metals dealers to disclose performance data and if not why not?

**RESPONSE:**  In addition to its general objections, the CFTC objects to this topic, because this topic is overbroad and seeks information that is neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.  The CFTC further objects that this topic is not narrowly tailored to the issues to be decided at the preliminary injunction hearing.  The CFTC will not produce a witness to testify on this topic.

Further answering, currently, there are no dealers of Retail Commodity

Transactions registered with the CFTC, and no CFTC rules or regulations in effect specifically addressed to dealers of Retail Commodity Transactions, including whether and to what extent such parties must disclose performance data.  However, the law requires persons such as the Defendants in this case to disclose material information to customers or prospective customers such as that the vast majority of customer engaging in leveraged trading through the Atlas account lose money, particularly when Defendants market leveraged trading through the Atlas program as a safe, secure, and profitable investment as Monex does.  *See, e.g.* the case law cited at pages 23-31 of the CFTC's Memorandum in support of its PI Motion.

Date:  November 30, 2017                    Attorney for Plaintiff CFTC


                                             **/s/ Carlin Metzger**

                                             IL ARDC No. 6275516

                                             (Pro Hac Vice)

                                             Commodity Futures Trading Commission

                                             525 W. Monroe St., Suite 1100

                                             Chicago, IL 60661

                                             (312) 596-0536

                                                 cmetzger@cftc.gov

## **CERTIFICATE OF SERVICE**

I, Carlin Metzger, an attorney with the U.S. Commodity Futures Trading Commission, certifies that he served the CFTC's Responses and Objections to Defendants' Notice of Rule 30(b)(6) Examination to counsel of record for Defendants via e-mail, on November 30, 2017.

Date: November 28, 2017                      Attorney for Plaintiff CFTC


                                             **/s/ Carlin Metzger**

                                             Carlin Metzger

                                             IL ARDC No. 6275516

                                             (Pro Hac Vice)

                                             Commodity Futures Trading Commission

                                             525 W. Monroe St., Suite 1100

                                             Chicago, IL 60661

                                             (312) 596-0536

                                                cmetzger@cftc.gov