NEIL A. GOTEINER (State Bar No. 083524)
ngoteiner@fbm.com
C. BRANDON WISOFF (State Bar No. 121930)
bwisoff@fbm.com
JESSICA NALL (State Bar No. 215149)
jnall@fbm.com
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

ANDREW C. LOURIE (*pro hac vice*)
Andrew.Lourie@kobrekim.com
KOBRE & KIM LLP
1919 M Street NW, Suite 410
Washington, D.C., 20036
Telephone: (202) 664-1900
Facsimile: (202) 664-1920

BENJAMIN J.A. SAUTER (*pro hac vice*)
Benjamin.Sauter@kobrekim.com
KOBRE & KIM LLP
800 Third Avenue
New York, New York, 10022
Telephone: (212) 488-1200
Facsimile: (212) 488-1220

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MONEX CREDIT COMPANY, MONEX DEPOSIT COMPANY, NEWPORT SERVICES CORPORATION, MICHAEL CARABINI, AND LOUIS CARABINI,<br><br>Defendant. | Case No. 8:17-cv-01868-JVS-DFM<br><br>**DEFENDANTS' RESPONSE TO CFTC'S BRIEF ON REDACTING 30(B)(6) DOCUMENTS, AND DEFENDANTS' REQUEST TO REMEDY THE CFTC'S BREACH OF THIS COURT'S JANUARY 3 AND 5 ORDERS RE: THE CFTC'S PRODUCTION OF DOCUMENTS AND INADEQUATE PREPARATION OF THE CFTC'S 30(B)(6) WITNESS**<br><br>The Hon. James V. Selna<br>Dept. 10C |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

Defs.' Resp. to CFTC's Brief on Redacting 30(b)(6)
Documents - Case No. 8:17-cv-01868-JVS-DFM

30203\6402162.3

On January 3 and 5, the Parties came before the Court with a dispute over the proper scope of the deposition of the CFTC's Rule 30(b)(6) witness and the CFTC's corresponding document production obligations. The Court made two key rulings. *First*, the Court ordered the CFTC to produce all documents reviewed by Mr. Gomberg in preparation for his testimony. The Court was clear that if the CFTC shows Mr. Gomberg a document, the CFTC should produce it and that this obligation applies to "more than just facts." *Second*, the Court recognized that Mr. Gomberg was not fully prepared to testify: "[t]here was a discussion about his inability to answer certain questions because he didn't have his notes. He'll produce those notes and he'll answer on the basis of the notes." Ex. B (466:9-12).[1] The Court did not limit its orders to notes of conversations that the CFTC had with ex-Monex employees, as the CFTC would now wish.

As described in its submission to the Court, the CFTC limited its production to only: (i) a heavily redacted summary chart of Monex customer complaints, and (ii) attorney notes of interviews with former Monex account representatives. The CFTC also recently informed Defendants that it intends to move to terminate Mr. Gomberg's deposition unless Defendants depose Mr. Gomberg on January 16, before Defendants receive the disputed relevant documents, and unless Defendants agree to limit their examination of Mr. Gomberg to 2 hours.

The limitations that the CFTC has unilaterally imposed on its document production and Mr. Gomberg's 30(b)(6) deposition contradict the Court's January 3 and 5 orders. Defendants therefore request the Court to order the CFTC to: (1) produce an unredacted copy of the spreadsheet cataloging consumer complaints against Monex in native format; (2) produce all notes from interviews with Monex customers reviewed by Mr. Gomberg in preparation for his deposition testimony; (3) produce all materials reviewed by the CFTC's 30(b)(6) deponent scheduled to be

---

[1] Exhibits are attached to the concurrently filed Declaration of Neil A. Goteiner.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

Defs.' Resp. to CFTC's Brief on Redacting 30(b)(6) Documents - Case No. 8:17-cv-01868-JVS-DFM

1

30203\6402162.3

deposed on January 18, 2018; and (4) adequately prepare Mr. Gomberg to testify regarding the remaining 30(b)(6) topics and to produce all notes used in such preparation. This requested relief is highly relevant to the issues in dispute and is necessary and appropriate in light of both the severe preliminary injunction and freeze remedies the CFTC is seeking, and its heavy reliance on Mr. Gomberg's 55-page declaration and his 30(b)(6) testimony as the core of its case.

### A. The CFTC Waived Work Product Privilege When Mr. Gomberg Reviewed Materials In Preparation For His 30(b)(6) Testimony

The CFTC downplays the scope of its redactions by describing them as "limited redactions . . . from one document." In reality, this "one document" is a massive spreadsheet cataloging consumer complaints against Monex. The produced document spans 43 pages and contains numerous redactions, including *seventeen pages that are half redacted*. This is the document on which the CFTC and Mr. Gomberg base their position that a pattern of customer complaints support and corroborate their view of Monex's firm-wide fraudulent practices, including pitching profitability to customers via using the so-called "Blue Print for Success," as alleged in paragraph 28 of the Complaint. Ex. B (622:2-625:2, 590). Yet Mr. Gomberg could not testify as to how these customer complaints demonstrate and corroborate the pattern without using the spreadsheet. Similarly, Mr. Gomberg knew virtually no information and did not prepare himself for either the December 28 or January 3 depositions (after being asked to do so on December 28) on how other CFTC-cited litigations against Monex corroborated the CFTC's asserted pattern of fraud. Ex. A (291:10-292:1, 309:12-313:13); Ex. B (590:21-591:23). He needed documents to testify.

The case law is clear: privilege is waived for attorney work product reviewed by a 30(b)(6) deponent in preparation for testifying in his representative capacity. *See Mattel, Inc. v. MGA Entm't, Inc.*, No. CB 04-9040 DOC, 2010 WL 3705782, at *5 (C.D. Cal. Aug. 3, 2010) (holding that "[a]ny privilege or work product

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

Defs.' Resp. to Propriety of Redacting Att'y Work Prod. - Case No. 8:17-cv-01868-JVS-DFM

2

30203\6402162.3

protection against disclosure is deemed waived as to those portions [of written materials] so reviewed" in preparation for testimony).  When the deponent is a 30(b)(6) witness, "there is a greater need to know what materials were reviewed by the designee witness in preparation for deposition since the substance of their testimony may be based upon sources beyond personal knowledge."  *Nutramax Labs., Inc. v. Twin Labs., Inc.*, 183 F.R.D. 458, 469 (D. Md. 1998).

Defendants acknowledge that they would not ordinarily be entitled this attorney work product either: 1) via a 30(b)(6) document request, or 2) had the CFTC redacted this information *prior* to using the spreadsheet to educate Mr. Gomberg in advance of his deposition.  However, in preparation for his 30(b)(6) deposition, the CFTC concedes that Mr. Gomberg reviewed an *unredacted* version of this spreadsheet, which included CFTC attorneys' impressions regarding consumer complaints lodged against Monex so that Mr. Gomberg could testify about the alleged fraudulent pattern corroborating the CFTC's Complaint's allegations.  Mr. Gomberg testified that he noticed this pattern before his Staff colleagues drafted the customer declarant declarations.  Defendants are therefore entitled to review and question Mr. Gomberg about these impressions.[2]

The CFTC presents no apposite authority supporting its redactions.  Instead, the CFTC relies upon two cases not involving a 30(b)(6) waiver.  In *Resilient Flooring Covering Pension Fund v. Michael's Floor Covering, Inc.*, the court declined to extend the waiver of attorney work product resulting from an inadvertently forwarded email to all work product pertaining to the subject matter of the email, despite a 30(b)(6) deposition notice to that effect.  No. C11-5200 JSC, 2012 WL 3062294, at *8 (N.D. Cal. July 26, 2012).  Similarly, in *Pastrana v. Local 9509, Commc'ns Workers of Am.*, the court held that facts discovered by plaintiff's

---

[2] Defendants are further handicapped in their evaluation of the CFTC's redactions because the CFTC has thus far refused to provide a privilege log.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

Defs.' Resp. to Propriety of Redacting Att'y Work Prod. - Case No. 8:17-cv-01868-JVS-DFM

3

30203\6402162.3

attorney were not protected work product and therefore it reviewed plaintiff's attorney's notes *in camera* prior to the attorney's deposition to ensure that all factual notes were produced. No. 06CV1779 AJB, 2007 WL 2900477, at *5 (S.D. Cal. Sept. 28, 2007). Notably, both opinions address motions for protective orders filed *before* the scheduled deposition and are not instructive as to waiver of privilege for materials intentionally provided for witness review in preparation for deposition.

### B. The CFTC Failed to Produce All Materials Reviewed By Mr. Gomberg in Preparation For His 30(b)(6) Testimony.

Contrary to the CFTC's assertions, Defendants did not request that it produce all Monex investigation notes made by CFTC attorneys. Rather, Defendants request production of the more limited universe of notes previously reviewed by Mr. Gomberg in preparation for his 30(b)(6) testimony or reviewed by him in order to fully prepare himself for further testimony, as ordered by the Court on January 3 and January 5. It is undisputed that Mr. Gomberg testified that he would need to refresh his recollection as to certain topics by reviewing CFTC attorney notes regarding interviews of both Monex employees *and customers*. The CFTC produced the notes of interviews with Monex employees, but inexplicably still refuses to produce notes regarding interviews with Monex customers which Mr. Gomberg reviewed.

For example, when asked whether the CFTC collected any evidence that the customer declarants relied on the alleged misrepresentations in Monex marketing materials, Mr. Gomberg responded that he "would have to review notes" in order to fully answer. Ex. A (336:10-18). No such notes have been produced.[3]

The notes that the CFTC eventually did produce illustrate why the CFTC's

---

[3] In response to Defendants' meet and confer efforts prior to filing this brief, the CFTC claimed that Mr. Gomberg did not review any notes on customer interviews in preparation for his deposition. But, as ordered by the Court on January 3, the CFTC was obligated to have Mr. Gomberg review these notes in order to fully prepare him to testify in his 30(b)(6) capacity.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

Defs.' Resp. to Propriety of Redacting Att'y Work Prod. - Case No. 8:17-cv-01868-JVS-DFM

4

30203\6402162.3

breach has profoundly prejudiced Defendants, and will continue to do so if the CFTC is not ordered again to produce all the relevant notes. Defendants asked Mr. Gomberg during his first day of testimony if the CFTC has specific information that any account representatives actually told any customer that he or she was a fiduciary of the customer.[4] No deposed customer declarant or ex-employee declarants could recall in deposition any account representatives ever claiming to be a fiduciary. And nor could any of the 13 ex-employees who the CFTC interviewed. (CFTC Redaction Brief at 3:27.) Further, the Monex customer account agreements expressly disavow that claim. Mr. Gomberg responded on December 28 that: "I can't remember what – I would have to reread what our employee declarants said." Ex. A (275:19-276:25). When this issue was re-raised at the start of Mr. Gomberg's second day of testimony, he stated that he had subsequently "looked through the call records of all the account representatives," and that during the interview of Sean Kirksey it was "mentioned that the term fiduciary was battered around a lot by account representatives." Specifically, he represented that the term "fiduciary" was batted around "[o]n phone calls with customers." Ex. B (402:13-404:16).

      Mr. Gomberg, however was not forthcoming. The produced notes specifically state that Mr. Kirksey *did not believe that account representatives were trained to tell customers that they were fiduciaries.*[5] Kirksey was the "only" one of all the CFTC interviewees who even mentioned "fiduciary." Ex. B (404:8-21). While the Kirksey interview notes do mention the term being "batted around," they do not say by whom or how or in what context. Mr. Gomberg's selective recollection of Kirksey's statement is unfortunately consistent with the CFTC's demonstrated obfuscation and disregard of factual information learned during its

---

[4] This was also 30(b)(6) topic 1n, referring to page 29 of the CFTC's PI brief.

[5] The notes are limited to the following: "Don't believe they were instructed to say, 'I'm your fiduciary.' But it was a common thing that other people said. 'Fiduciary' was a common term batted around." (CFTC_Monex_CDCA_000000955.)

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

Defs.' Resp. to Propriety of Redacting Att'y Work Prod. - Case No. 8:17-cv-01868-JVS-DFM

5

30203\6402162.3

investigation that is contrary to its litigation agenda.

Had Defendants been in possession of these notes *prior* to the start of Mr. Gomberg's 30(b)(6) deposition, they could have used them to impeach Mr. Gomberg's testimony at the time that testimony was given. In the same way, notes of the CFTC's conversations with customers are likely to reveal other material contradictions between what those customers actually said and the "pattern" theory the CFTC is advancing in this case, including through its Rule 30(b)(6) witness. *Nutramax Labs.*, 183 F.R.D. at 473 (noting that in 30(b)(6) context, disclosure necessary for "rigorous cross examination is needed to test such self-serving statements by focused, analytical questioning . . . to test the witness's assertions").

### C. Mr. Gomberg Was Inadequately Prepared To Testify

The CFTC has a duty to "designate knowledgeable persons . . . and to prepare them to fully and unevasively answer questions about the designated subject matter." *Bd. of Trustees of Leland Stanford Junior Univ. v. Tyco Int'l Ltd.*, 253 F.R.D. 524, 526 (C.D. Cal. 2008). The CFTC failed to do so in this case. Setting aside the fact that the CFTC opted to designate a new 30(b)(6) designee following the Court's January 3 ruling, Mr. Gomberg was not adequately prepared to testify as to the topics identified in his 30(b)(6) notice, as discussed above, even after saying he would become prepared. Additionally, the CFTC has produced no documents used to prepare the substitute actual delivery/increased risk CFTC 30(b)(6) witness testifying on January 18.

Dated: January 11, 2018　　　　　Respectfully submitted,

FARELLA BRAUN + MARTEL LLP

By: 　　/s/ Neil A. Goteiner　　
　　　Neil A. Goteiner

Attorneys for Defendants

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

Defs.' Resp. to Propriety of Redacting Att'y Work Prod. - Case No. 8:17-cv-01868-JVS-DFM

6

30203\6402162.3