Carlin Metzger *(pro hac vice)*
cmetzger@cftc.gov
Michael Frisch *(pro hac vice)*
mfrisch@cftc.gov
Eric Schleef *(pro hac vice)*
eschleef@cftc.gov
Joseph Konizeski *(pro hac vice)*
jkonizeski@cftc.gov
Jonathan Kramer (*pro hac vice*)
jkramer@cftc.gov
Attorneys for Plaintiff
Commodity Futures Trading Commission
525 W. Monroe, Suite 1100
Chicago, Illinois 60661
Tel. 312-596-0700; Fax 312-596-0714

Kent Kawakami, California Bar #149803
Assistant United States Attorney
United States Attorney's Office, Civil Division
Central District of California
kent.kawakami@usdoj.gov
300 North Los Angeles St., Room 7516
Los Angeles, California 90012
Tel.: 213-894-4858; Fax: 231-894-2380
Local Counsel

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT CALIFORNIA
SOUTHERN DIVISION

_____

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION | Case No: 8:17-cv-01868-JVS-DFM |
| Plaintiff, | Hon. James V. Selna<br>Dept. 10C |
| vs. | |
| MONEX DEPOSIT COMPANY, et al. | **CFTC'S *EX PARTE* EMERGENCY MOTION FOR PROTECTIVE ORDER AND TO TERMINATE DISCOVERY** |
| Defendants. | |

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff U.S. Commodity Futures Trading Commission ("CFTC") hereby moves the Court *ex parte*, pursuant to Federal Rule of Civil Procedure 26(c) and paragraph 6 of Judge Selna's Individual Procedures, for a protective order limiting Defendants' examination of CFTC representative Jeffrey Gomberg to the noticed and agreed-to topics. Further, as Defendants have had a full and fair opportunity to conduct discovery in advance of the preliminary injunction hearing, the CFTC moves the Court to terminate discovery relating to the CFTC's Motion for a Preliminary Injunction, or in the alternative, to require Defendants to complete the 30(b)(6) examination of CFTC representative Jeffrey Gomberg on Wednesday January 31, at 8:00 a.m.

**Due to the briefing schedule in this case on the CFTC's Motion for Preliminary Injunction and Defendants' Motion to Dismiss, and the upcoming date for Mr. Gomberg's deposition, the CFTC respectfully submits this motion as an "Ex Parte Application" pursuant to the Court's individual procedures to seek resolution on an expedited basis.**

This motion is made following the conference of counsel pursuant to Local Rule 7-3 on January 24, 2018.

## INTRODUCTION

Defendants have advised that they intend, for the second time in two weeks, to unilaterally cancel the scheduled deposition of Jeffrey Gomberg, the CFTC's 30(b)(6) designee on certain topics. This is the last item of discovery allowed by the Court and outstanding before Defendants are to respond to the CFTC's motion for a preliminary injunction. On January 22, 2018, Defendants informed the CFTC that they will not proceed with the deposition unless the CFTC prepares Mr. Gomberg to testify about two decades-old investigations of Monex by the CFTC. The CFTC has objected to Defendants' demand because these past investigations are irrelevant and beyond the scope of the 30(b)(6) topics in defendants' notice. (Defendants also demand that the

CFTC produce additional notes before they will complete Mr. Gomberg's deposition. But the CFTC has already produced all notes Mr. Gomberg reviewed to prepare for his earlier depositions, so the CFTC is not addressing this aspect of Defendants' demand in this motion.)

These decades-old investigations are beyond the scope of any topic in Defendants' notice and, more importantly, they are not relevant to whether Monex is violating a law that went into effect in July of 2011.  Speaking directly to the relevance of those prior investigations, the Seventh Circuit wrote:

> That Monex began its Atlas program in 1987 (relying on guidance that the agency had provided in 1985), and that the CFTC deemed Atlas satisfactory until recently, is not a sufficient answer to the subpoena—**or for that matter to an enforcement action. The law changed in 2010**, when 7 U.S.C. §2(c) was rewritten as part of the Dodd-Frank Act. Pub. L. No. 111-203 §742, 124 Stat. 1376, 1732–33 (2010). … The amendments took effect in 2011, and two years later the Commission laid out its views about how they affect retail commodity sales. Retail Commodity Transactions Under Commodity Exchange Act, 78 Fed. Reg. 52426 (Aug. 23, 2013).

*Commodity Futures Trading Commission v. Monex Deposit Company, et.al.*, 824 F.3d 690, 693 (7th Cir. 2016) (emphasis supplied).  Monex now seeks to delay the Court's consideration of the CFTC's Motion for a Preliminary Injunction in order to conduct irrelevant inquiries into investigations which long pre-date the change in the law.

This delay tactic should not be countenanced, and this Court should require that Defendants complete the deposition of Mr. Gomberg on the morning of January 31 as agreed by the parties, or to forfeit further discovery in advance of the preliminary injunction hearing.  The Court should further enter a protective order prohibiting Monex from conducting discovery into CFTC investigations prior to July 2011, when the Dodd-Frank Act amendments to the Commodity Exchange Act at issue in this case went into effect.

## PROCEDURAL BACKGROUND

The CFTC filed its Complaint and Motion for Preliminary Injunction on September 6, 2017. Defendants' first request of this Court was that it permit full merits discovery and combine the preliminary injunction hearing with a trial on the merits. D.E. 87, pg. 5. The Court denied Defendants' request, ruling "I think that the CFTC is entitled to a hearing on its motion for a preliminary injunction." Exhibit A, 11/20/17 Tr. at 4:1-2. Instead, the Court allowed Defendants limited discovery in advance of the hearing on an expedited basis. *Id.* at 8:18. With respect to Monex's request to depose a 30(b)(6) witness from CFTC, the court ordered Defendants to "scrutinize the 30(b)(6) topics to ensure that they are sharply focused on the matters in dispute for the preliminary injunction." *Id.* at 8:21-25. The CFTC has not yet conducted discovery of its own; instead responding on an expedited basis to a substantial number of discovery requests.

Defendants have now conducted an enormous amount of discovery. Within days of filing the complaint, the CFTC turned over transcripts of all the testimony it took during the investigation and all documents received from third parties during the investigation. Defendants then issued two separate requests for production of documents, both of which have been fully responded to and to which Monex has raised no objection. Monex issued a set of special interrogatories on December 22, 2017 to which the Commission responded on December 27, and to which Monex has raised no objection. Monex has conducted 14 depositions, nine of which were of unrepresented victims or ex-employee whistleblowers, two separate sessions with the CFTC's expert, two full-day sessions with CFTC investigator and 30(b)(6) witness Jeffery Gomberg, and a deposition of 30(b)(6) witness Robert Schwartz in front of the Court. The Commission has also made numerous disclosures on an informal basis, responding to Defendants' requests for additional information from the CFTC's expert witness, as well as other informal requests.

Despite this enormous amount of expedited discovery, Defendants requested a third session with Mr. Gomberg. On January 18, the Court granted this request and

ordered the Commission to produce Mr. Gomberg for an additional four hours. The Commission has repeatedly attempted to schedule this deposition, and Monex has refused to proceed. Most recently, the parties agreed to schedule Mr. Gomberg's continued deposition at 8:00 a.m. on January 31, in Orange County at a location of Defendants' choosing.

Defendants notified the Commission on January 24 that they would not go forward with Mr. Gomberg's deposition as agreed by the parties. Defendants' latest gambit is to demand that the CFTC prepare Mr. Gomberg to testify on the topic of two long-past CFTC investigations of Monex, one conducted in 1987, and one in 1998. The CFTC objected that this topic was (a) not listed on Defendants Second Amended 30(b)(6) Deposition Notice; (b) protected by various privileges and statute; (c) legally and factually irrelevant; and (d) documents and staff associated with these investigations were unlikely to be available given the enormous amount of time that had elapsed since the investigations. Defendants responded that the parties are at an impasse and that Monex is unilaterally cancelling Mr. Gomberg's continued deposition until this Court considers this issue.[1]

## ARGUMENT

The Court allowed Monex to conduct limited discovery to respond to the CFTC's Motion for a Preliminary Injunction, sharply focused on the matters in dispute in the motion. The CFTC has cooperated fully, producing documents, witnesses, and responding to discovery requests. Monex has conducted extensive discovery, but demands even more discovery no matter how attenuated or relevant to the issues raised in the CFTC's Motion for a Preliminary Injunction. Monex currently seeks to delay this Court's consideration of the CFTC Motion for a Preliminary Injunction on the premise that investigations conducted decades ago by the CFTC, long before the laws at issue in

---

[1] The parties exchanged numerous e-mails on this issue during the week of January 22, 2018, and conferred by phone on January 24, in unsuccessful attempts to resolve this issue.

this case were passed, are somehow necessary to the Court's consideration of the CFTC's Motion.

### A. The 1987 and 1998 Investigations are Irrelevant.

The CFTC did investigate Monex in 1987 and 1998, and did not bring enforcement actions against Monex as a result of those investigations (and the CFTC has offered to stipulate to those facts). However, at that time, Section 2(c)(2)(D) of the Commodity Exchange Act did not exist. Effective July 16, 2011, the Dodd Frank Act extended the CFTC's jurisdiction to cover leveraged commodity transactions with retail investors. Before July 2011, the question was whether Monex was executing futures contracts. That is no longer the question. As of July 2011, the Commodity Exchange Act applies to leveraged commodity transactions with retail customers ***"as if"*** they are futures contracts. 7 U.S.C. § 2(c)(2)(D)(iii) (emphasis added). The questions after July of 2011 are (1) whether Monex is executing leveraged commodity transactions with retail customers (there is no dispute that it is) and (2) if so, whether Monex can prove it makes "actual delivery" of the commodities to its customers in these transactions (Monex does not, as laid out in the CFTC's Motion for a Preliminary Injunction). The details of the CFTC's investigations and the reasons why the CFTC did not sue Monex in 1987 and 1998 are irrelevant – a totally different legal framework now applies.

Monex has already been admonished by other courts that its reliance on prior investigations conducted by the CFTC are not a bar to an enforcement action. In addition to the clear language quoted above from the Seventh Circuit, the District Court in the same case held that "the CFTC is not bound by positions it took years ago." *See U.S. Commodity Futures Trading Commission v. Monex Deposit Co., et. al.*, 2014 WL 7213190, *7 (N.D. Ill, Schenkier M.J.). Monex has ignored this Court's order to keep the 30(b)(6) topics "sharply focused on the matters in dispute for the preliminary injunction." Rather, investigations of Monex by the CFTC in 1987 and 1999 have no relevance to the CFTC's current investigation. Even if prior investigations concluded that Monex's transactions of 15 or 30 years ago were not "futures" contracts, it would have no bearing

on whether Monex's financed retail commodity transactions are subject to new provisions of the Commodity Exchange Act, effective July 2011.

### B. Monex Failed to Notice the Topic of Prior Investigations.

Nowhere in its Second Amended Notice of Rule 30(b)(6) Examination does Monex identify the topic of the prior investigations that it now seeks to use as an excuse for delaying the Court's consideration of the CFTC's Motion for a Preliminary Injunction. See **Exhibit B**, CFTC's Responses and Objections to Defendants Amended Notice of Rule 30(b)(6) Examination. It was not until after this Court ruled that Mr. Gomberg should appear for an additional four hours of testimony that Monex even raised this new topic. Had Defendants actually noticed this topic, the CFTC would have immediately objected and the Court could have resolved the dispute back in November.

In response to the Commission's argument that the 30(b)(6) notice did not identify the topic of prior investigations of Monex, Monex cited Topic 1k. Topic 1k is:

> "The allegations in paragraph 6 of the Complaint and on page 4 of the MOL that an Atlas transaction operates similarly to a futures trade on a regulated exchange."

*Id*. at p. 10. Monex also cited Topic 1p. Topic 1p is:

> "The allegations on page 33 of the MOL that, without an injunction, Monex will continue to offer customers off-exchange leveraged Atlas commodity trading and will continue to fraudulently induce retail customers into entering into leveraged precious metals transactions with Monex."

*Id.* at p. 12.

Neither of these cited topics can reasonably be read to incorporate the subject of prior investigations conducted twenty and thirty years ago.[2] It is far too late in this

---

[2] Crucially, the CFTC does not allege in this case that Monex's transactions *are* futures contracts; rather, the Complaint alleges that they "bear key similarities to trading on regulated futures exchanges." Complaint ¶ 6. The CFTC's representative stands ready to provide the basis for this allegation, including that the Atlas platform, like a futures exchange, allows long and short speculative trading on margin through the employment of "stop" and "limit" orders. *See* Gomberg Declaration, Docket # 8-1 at ¶ 31.

process to allow Monex to informally amend their 30(b)(6) deposition notice, and far too late for the Commission to reasonably prepare anyone to testify on decades-past investigations.

## C. The Results of Prior Investigations are Protected by Privileges.

The topic of prior investigations conducted by the CFTC implicates a host of difficult privilege issues, including the attorney-client communications privilege, the work-product privilege, the deliberative process privilege, as well as others. *See, e.g. Gabelli v. S.E.C.*, 568 U.S. 442, 453 (2013) ("[I]n the midst of any inquiry as to what it knew when, the Government can be expected to assert various privileges, such as law enforcement, attorney-client, work product, or deliberative process").

Any conclusions, opinions, or impressions CFTC attorneys and investigators formed during the 1987 and 1998 investigations (to the extent documents memorializing such findings exist) would be protected by work product. The work product doctrine applies to pre-filing investigations conducted by federal financial regulators, and would cover any memos or recommendations memorializing the results of the investigation. *See, e.g. Feshback v. SEC*, 5 F. Supp. 3d 774, 782-783 (N.D. Cal. 1997) (SEC memos memorializing investigation of a registrant protected by work product); *SEC v. Talbot*, No. CV044556, 2005 WL 1213797, at *1 (C.D. Cal. April 21, 2005) (notes of investigative interviews protected by work product).

Further, to the extent the CFTC could identify the content of the Division of Enforcement's recommendation to its client (the Commission), any such communications would be protected by the attorney-client privilege. *E.g. Feshback v. SEC*, 5 F. Supp. 3d at 784.

Finally, the deliberative process privilege protects communications that are part of the decision-making process of a governmental agency. *See, e.g. Hongsermeir v. CIR*, 621 F. 3d 890, 904 (9th Cir. 2010) (citing *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150–152 (1975) (applying deliberative process privilege to protect pre-litigation memos prepared by IRS lawyer)).

It is presently unclear what exactly Defendants seek to ask the CFTC's witness about the prior investigations. But requiring the CFTC to testify about the investigations would surely lead to a series of privilege objections and instructions not to answer during the testimony, which would result in yet another round of briefing and argument, further delaying a hearing on the CFTC's pending motion.

**D. Documents and Relevant Staff are Unavailable.**

Even were the Court to find that the prior investigations into Monex are relevant to this case, it would be impractical for the CFTC to educate a witness to testify on the topic. This is because nearly all of the staff who conducted those investigations left the service of the CFTC years ago, and because of the limited amount of documents that would be available to educate the witness. The CFTC, being a public agency, is bound by the Federal Records Act and its regulations. *See* 44 U.S.C. ch. 31 and 33 (2012). The Federal Records Act requires each federal agency to create schedules for disposal of federal records on an ongoing and regular basis. *See* 44 U.S.C. §3303. Under the CFTC's normal document disposal policies, documents relating to both the 1987 and 1998 investigations would necessarily have been destroyed.

Additionally, the CFTC understands that the New York office of the CFTC conducted the 1998 investigation of Monex. That office was in the World Trade Center and was destroyed in the terrorist attacks of September 11, 2001. Any documents stored at the New York office relevant to the 1998 investigation were destroyed.

## CONCLUSION

For all the foregoing reasons, the Court should enter an order requiring that Defendants conduct the continued deposition of Jeffrey Gomberg on January 31, 2018 beginning at 8:00 a.m. in Orange County at a location of Monex's choosing; and barring Defendants from questioning Mr. Gomberg on matters relating to the CFTC's prior investigations of Monex. In the event that Monex does not complete the deposition at that time, the Court should terminate Monex's preliminary injunction discovery and extend the current briefing schedule on the CFTC's Motion for a Preliminary Injunction

and Defendants' Motion to Dismiss by one week. A proposed order will be submitted for the Court's consideration.

| | |
|---|---|
| January 25, 2018 | Respectfully submitted, |
| | Attorney for Plaintiff CFTC |
| | **/s/ Carlin Metzger** |
| | IL ARDC No. 6275516 |
| | (Pro Hac Vice) |
| | Commodity Futures Trading Commission |
| | 525 W. Monroe St., Suite 1100 |
| | Chicago, IL 60661 |
| | (312) 596-0536 |
| | cmetzger@cftc.gov |

## **CERTIFICATE OF SERVICE**

I, Carlin Metzger, an attorney with the U.S. Commodity Futures Trading Commission, certify that the foregoing papers have been served counsel of record for Defendants via the Court's ECF system on January 25, 2018. Counsel of record for Defendants are:

NEIL A. GOTEINER (ngoteiner@fbm.com)
C. BRANDON WISOFF  (bwisoff@fbm.com)
JESSICA NALL (jnall@fbm.com)
ELIZABETH DORSI (edorsi@fbm.com)
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

ANDREW C. LOURIE (Andrew.Lourie@kobrekim.com)
KOBRE & KIM LLP

1919 M Street NW, Suite 410
Washington, D.C., 20036
Telephone: (202) 664-1900
Facsimile: (202) 664-1920

BENJAMIN J.A. SAUTER  (Benjamin.Sauter@kobrekim.com)
KOBRE & KIM LLP
800 Third Avenue
New York, New York, 10022
Telephone: (212) 488-1200
Facsimile: (212) 488-1220

Date:  January 25, 2018                    Attorney for Plaintiff CFTC

**/s/ Carlin Metzger**

Carlin Metzger

IL ARDC No. 6275516

(Pro Hac Vice)

Commodity Futures Trading Commission

525 W. Monroe St., Suite 1100

Chicago, IL 60661

(312) 596-0536

cmetzger@cftc.gov