1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

- - -

THE HONORABLE JAMES V. SELNA, JUDGE PRESIDING

```
COMMODITY FUTURES TRADING    )
COMMISSION,                  )
                             )
               Plaintiff,    )
     vs.                     )
                             )   SACV-17-01868-JVS
MONEY CREDIT COMPANY, et al.,)
                             )
               Defendants.   )
-----------------------------)
```

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Santa Ana, California

November 20, 2017


SHARON A. SEFFENS, RPR
United States Courthouse
411 West 4th Street, Suite 1-1053
Santa Ana, CA  92701
(714) 543-0870

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

```
 1   APPEARANCES OF COUNSEL:

 2   For the Plaintiff:

 3   CARLIN R. METZGER
     MICHAEL D. FRISCH
 4   COMMODITY FUTURES TRADING COMMISSION
     Division of Enforcement
 5   525 West Monroe Street, Suite 1100
     Chicago, IL  60661
 6   (312) 596-0536

 7   For the Defendants:

 8   GEORGE NEWHOUSE, JR.
     DENTONS US, LLP
 9   601 South Figueroa Street, Suite 2500
     Los Angeles, CA  90017-5704
10   (213) 892-2846

11   STEPHEN J. SENDEROWITZ
     DENTONS US, LLP
12   233 South Wacker Drive, Suite 5900
     Chicago, IL  60606-6361
13   (312) 876-8141

14   ANDREW C. LOURIE
     KOBRE & KIM, LLP
15   1919 M Street, NW
     Washington, D.C.  20036
16   (202) 664-1907

17

18

19

20

21

22

23

24

25
```

```
10:59    1   SANTA ANA, CALIFORNIA; MONDAY, NOVEMBER 20, 2017; 10:59 A.M.
10:59    2              THE CLERK:  Item No. 2, SACV-17-01868-JVS,
10:59    3   Commodity Futures Trading Commission versus Monex Credit
10:59    4   Company, et al.
10:59    5              Counsel, please state your appearances for the
10:59    6   record.
10:59    7              MR. METZGER:  Good morning, Your Honor.  Carlin
10:59    8   Metzger for the Commodity Futures Trading Commission.
10:59    9              MR. FRISCH:  Good morning, Your Honor.  Michael
10:59   10   Frisch on behalf of the CFTC.
10:59   11              MR. NEWHOUSE:  Good morning, Your Honor.  George
10:59   12   Newhouse on behalf of the defendant Monex, and to my left is
10:59   13   my partner Stephen Senderowitz from Chicago and Andrew
10:59   14   Lourie, who is also counsel for the company.
10:59   15              THE COURT:  Good morning.
11:00   16              Thank you for your status reports.  We have two
11:00   17   motions pending, the Defendants' Motion to Dismiss under
11:00   18   Rule 12(b)(6) and CFTC's motion for a preliminary
11:00   19   injunction.  What I propose to do is to hear those
11:00   20   simultaneously, and I would propose this briefing schedule
11:00   21   and hearing schedule.  Hear them jointly on January 22,
11:00   22   2018, at 3:00 p.m.  Oppositions to the current motions will
11:00   23   be due December 22, no more than 30 pages.  Replies due
11:00   24   January 10, 2018, no more than 20 pages.
11:00   25              I think there is efficiency in hearing both
```

| | | |
|---|---|---|
| 11:00 | 1 | motions together. I think that the CFTC is entitled to a |
| 11:00 | 2 | hearing on its motion for a preliminary injunction, and the |
| 11:01 | 3 | 12(b)(6) shouldn't serve as a gating factor in hearing that |
| 11:01 | 4 | motion. |
| 11:01 | 5 | This case was originally filed in the Northern |
| 11:01 | 6 | District of Illinois. All the motion papers were filed in |
| 11:01 | 7 | that court. We have it electronically, but we don't have |
| 11:01 | 8 | hard copies. There is a very substantial volume of |
| 11:01 | 9 | pleadings that go with each of the motions, so I would ask |
| 11:01 | 10 | you by a week from today to provide the Court with hard |
| 11:01 | 11 | copies of the moving papers on all of those motions. |
| 11:01 | 12 | MR. METZGER: Your Honor, we had sent to the Clerk |
| 11:01 | 13 | of the Court and perhaps it didn't make it to your chambers |
| 11:01 | 14 | a complete binder set with all of the pleadings, including |
| 11:01 | 15 | those motions. We will double-check with the Clerk's Office |
| 11:01 | 16 | to -- |
| 11:01 | 17 | THE COURT: When did you provide them? |
| 11:01 | 18 | MR. METZGER: As soon as the case was transferred. |
| 11:01 | 19 | THE COURT: Why don't we check that out, and Ms. |
| 11:02 | 20 | Tunis will advise you if we don't have your papers. |
| 11:02 | 21 | What about the defendants' papers? |
| 11:02 | 22 | MR. METZGER: I will say that we included |
| 11:02 | 23 | everything in the binders. What we did is we put together |
| 11:02 | 24 | all of the pleadings that were on file in binders. If those |
| 11:02 | 25 | have made it to the courthouse but simply not made it to |

| | | |
|---|---|---|
| 11:02 | 1 | your chambers, we will check on that, and it should include |
| 11:02 | 2 | a hard copy of the defendants' materials as well, everything |
| 11:02 | 3 | except for I think the most recent filings on Friday.  We |
| 11:02 | 4 | did file four additional declarations, which we have |
| 11:02 | 5 | courtesy copies of which we can provide to the clerk today. |
| 11:02 | 6 | THE COURT:  Well, we will check it out and get |
| 11:02 | 7 | back to it if for some reason we don't have those pleadings |
| 11:02 | 8 | in chambers. |
| 11:02 | 9 | MR. METZGER:  And if not, we will provide you with |
| 11:02 | 10 | an additional copy right away. |
| 11:02 | 11 | THE COURT:  With regard to further briefing, |
| 11:02 | 12 | neither of the briefing meet the local rules in this court |
| 11:03 | 13 | with respect to the font size, spacing, footnotes, et |
| 11:03 | 14 | cetera, so I would ask you to take a look at the local rules |
| 11:03 | 15 | and ensure that your further briefs comply with the local |
| 11:03 | 16 | rules. |
| 11:03 | 17 | I think we also ought to use the hearing in |
| 11:03 | 18 | January as an opportunity for a scheduling conference.  So I |
| 11:03 | 19 | would ask you to meet and confer and put in the usual Rule |
| 11:03 | 20 | 26 report a week in advance, and we will address the balance |
| 11:03 | 21 | of the dates at that time. |
| 11:03 | 22 | The issue of the delivery exception to the statute |
| 11:03 | 23 | seems to be a major point of contention.  How far would it |
| 11:03 | 24 | go in resolving that issue alone at this point? |
| 11:03 | 25 | MR. METZGER:  We think that the information and |

| | | |
|---|---|---|
| 11:03 | 1 | the evidence that we have provided in connection with the |
| 11:03 | 2 | motion plus the defendants' response, whatever they provide, |
| 11:04 | 3 | will allow the Court to decide that issue.  It really is a |
| 11:04 | 4 | statutory interpretation issue, whether the defendants meet |
| 11:04 | 5 | the actual delivery exception, and I think there is not |
| 11:04 | 6 | great dispute about the underlying facts of how the |
| 11:04 | 7 | businesses operate and how the inventory is transferred, how |
| 11:04 | 8 | the title documents are issued.  It will really be here what |
| 11:04 | 9 | the evidence is, and it's for the Court's determination |
| 11:04 | 10 | whether they meet the exception or not. |
| 11:04 | 11 | MR. FRISCH:  Your Honor, to answer your question, |
| 11:04 | 12 | there is one of our counts of the Commodity Exchange Act |
| 11:04 | 13 | that will survive regardless of whether you rule that actual |
| 11:04 | 14 | delivery was made or was not made.  Of course the defendants |
| 11:04 | 15 | disagree with that. |
| 11:04 | 16 | THE COURT:  Okay.  In the defendants' memorandum, |
| 11:04 | 17 | they point to a number of items of discovery they would |
| 11:04 | 18 | request in order to adjudicate the Motion for Preliminary |
| 11:04 | 19 | Injunction.  Some of this appears to have been produced. |
| 11:05 | 20 | Where are you in terms of scheduling and taking |
| 11:05 | 21 | this additional discovery? |
| 11:05 | 22 | MR. METZGER:  Here is the approach that we have |
| 11:05 | 23 | taken.  As soon as the case was filed, we provided all of |
| 11:05 | 24 | the third-party documents we had obtained to the defendants. |
| 11:05 | 25 | We also provided transcripts of testimony.  We are also |

7

| | | |
|---|---|---|
| 11:05 | 1 | working with the defendants on certain of the discovery |
| 11:05 | 2 | requests, in particular, those relating to communication |
| 11:05 | 3 | with our expert, because along with the preliminary |
| 11:05 | 4 | injunction motion, we did include an expert report.  So we |
| 11:05 | 5 | have produced those and produced additional information as |
| 11:05 | 6 | of last week to supplement our initial production. |
| 11:05 | 7 | The other aspect of discovery that the defendants |
| 11:05 | 8 | have requested -- or one of them -- is a deposition of the |
| 11:05 | 9 | CFTC investigator, which we have agreed to a date at this |
| 11:05 | 10 | point.  We believe we have agreed to December 1 to allow the |
| 11:05 | 11 | defendants to take the deposition of CFTC's investigator. |
| 11:05 | 12 | The defendants have issued additional document |
| 11:06 | 13 | requests.  Our position is that they go well beyond any sort |
| 11:06 | 14 | of documents that would be needed for the Court's |
| 11:06 | 15 | determination of the issues in the preliminary injunction |
| 11:06 | 16 | motion and are also not needed for the defendants to really |
| 11:06 | 17 | present their case to the Court in connection with the |
| 11:06 | 18 | preliminary injunction. |
| 11:06 | 19 | As we see it, really all the information required |
| 11:06 | 20 | to respond are beyond the expert stuff which we are |
| 11:06 | 21 | producing, and a deposition of the investigator -- |
| 11:06 | 22 | everything is really under their control.  This is a case |
| 11:06 | 23 | that's about how they conduct their business, and it's all |
| 11:06 | 24 | information that is really within their control. |
| 11:06 | 25 | They have indicated they want to take the |

| | | |
|---|---|---|
| 11:06 | 1 | depositions of some of the customer declarants.  We did |
| 11:06 | 2 | include about ten I think declarations from former customers |
| 11:06 | 3 | of Monex, and we think that it would be pretty burdensome |
| 11:06 | 4 | and inefficient to have those depositions proceed in advance |
| 11:07 | 5 | of any sort of briefing schedule or preliminary injunction |
| 11:07 | 6 | hearing. |
| 11:07 | 7 | THE COURT:  Why aren't they entitled to test that |
| 11:07 | 8 | testimony that you are putting forward in support of your |
| 11:07 | 9 | injunction? |
| 11:07 | 10 | MR. METZGER:  We don't agree that they aren't. |
| 11:07 | 11 | What we would propose -- we think that many of these |
| 11:07 | 12 | customers -- I believe at least five of them -- are within |
| 11:07 | 13 | the Court's subpoena authority such that they could be |
| 11:07 | 14 | present at the hearing should their testimony be necessary. |
| 11:07 | 15 | We would also endeavor to bring to the court hearing the |
| 11:07 | 16 | additional witnesses should that be necessary. |
| 11:07 | 17 | THE COURT:  I'll permit you to take on an |
| 11:07 | 18 | expedited basis depositions of half of them.  If you think |
| 11:07 | 19 | you need more after that, meet and confer and come back to |
| 11:07 | 20 | the Court. |
| 11:07 | 21 | With regard to your 30(b)(6), I don't think the |
| 11:07 | 22 | 30(b)(6) notice is before the Court.  I don't think it's in |
| 11:07 | 23 | the file.  So I would invite you to go back and scrutinize |
| 11:07 | 24 | the 30(b)(6) topics to ensure that they are sharply focused |
| 11:08 | 25 | on the matters in dispute for the preliminary injunction. |

| | | |
|---|---|---|
| 11:08 | 1 | If you have a dispute over that, let's get that resolved |
| 11:08 | 2 | this week.  We'll set up a telephone conference sometime |
| 11:08 | 3 | Wednesday morning if we need to resolve any disputes over |
| 11:08 | 4 | the 30(b)(6) requests. |
| 11:08 | 5 |     I think that covers each of the items that you |
| 11:08 | 6 | have requested in terms of discovery for the injunction. |
| 11:08 | 7 |     MR. SENDEROWITZ:  Your Honor, in addition to the |
| 11:08 | 8 | customers, the issue -- you indicated we could take six. |
| 11:09 | 9 |     THE COURT:  Five.  Five isn't six. |
| 11:09 | 10 |     MR. SENDEROWITZ:  Five.  I'm sorry, Your Honor. |
| 11:09 | 11 | There are two ex-employees that they brought in declarations |
| 11:09 | 12 | going to the preliminary injunction.  If they are not going |
| 11:09 | 13 | to call them, we don't have to take their depositions, but |
| 11:09 | 14 | if they are, then we would like to take their depositions. |
| 11:09 | 15 |     MR. FRISCH:  There are two former employees.  We |
| 11:09 | 16 | filed their declarations on Friday.  I think it would be |
| 11:09 | 17 | helpful for the Court to hear their testimony at the |
| 11:09 | 18 | hearing. |
| 11:09 | 19 |     THE COURT:  I'm not going to take live testimony. |
| 11:09 | 20 | We'l do this on the papers. |
| 11:09 | 21 |     MR. METZGER:  To that extent, if they wanted to |
| 11:09 | 22 | take one or both of the former employee declarants that we |
| 11:09 | 23 | just filed their declarations on Friday, we are okay with |
| 11:09 | 24 | that. |
| 11:09 | 25 |     THE COURT:  Okay.  I think there is enough time |

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

```
11:09   1    between now and the 22nd of December to accomplish this
11:09   2    discovery on a somewhat expedited basis, but I think there
11:10   3    is plenty of time to take the discovery that the defendants
11:10   4    request and assimilate it and prepare your response to the
11:10   5    injunction.
11:10   6              MR. SENDEROWITZ:  May I ask one more question,
11:10   7    Your Honor?
11:10   8              THE COURT:  Sure.
11:10   9              MR. SENDEROWITZ:  They have put forth an expert.
11:10  10    We have hired a rebuttal expert.  Their expert testimony --
11:10  11    I'm not sure if they are going to use it in connection with
11:10  12    their preliminary injunction motion.  If they intend to use
11:10  13    it for their preliminary injunction motion, we would like
11:10  14    the opportunity to depose their expert as well before you
11:10  15    hear that motion.
11:10  16              MR. FRISCH:  We did file an expert report.  It's
11:10  17    part of our submission for the PI.  If the defendants want
11:10  18    to introduce their own expert report in their response
11:10  19    brief, the Court can consider that.  We don't think a
11:10  20    deposition is required in advance of the preliminary
11:10  21    injunction.
11:10  22              THE COURT:  Are you going to rely on the expert's
11:11  23    report?
11:11  24              MR. FRISCH:  Yes.
11:11  25              THE COURT:  Deposition of no more than seven
```

| | | |
|---|---|---|
| 11:11 | 1 | hours.  If you're going to put in an expert report, you need |
| 11:11 | 2 | to put it in on the timetable that we are discussing here, |
| 11:11 | 3 | December 22.  If the CFTC wants to depose that expert, I |
| 11:11 | 4 | would allow that as well. |
| 11:11 | 5 |     MR. SENDEROWITZ:  Understood. |
| 11:11 | 6 |     THE COURT:  I think that gives us our marching |
| 11:11 | 7 | orders for the short run.  I tried to craft a schedule that |
| 11:11 | 8 | would cause you to be busy but not interfere with the |
| 11:11 | 9 | holidays. |
| 11:11 | 10 |     Okay, is there anything else we ought to discuss |
| 11:11 | 11 | this morning? |
| 11:11 | 12 |     MR. METZGER:  Nothing further Your Honor. |
| 11:11 | 13 |     MR. NEWHOUSE:  No, Your Honor.  Thank you. |
| 11:11 | 14 |     THE COURT:  If as we go along towards this motion |
| 11:11 | 15 | there is a need for an interim status conference via |
| 11:11 | 16 | telephone or otherwise, I will make myself available.  Okay, |
| 11:12 | 17 | thank you. |
| 11:12 | 18 |     (Whereupon, the proceedings were concluded.) |
| 11:12 | 19 |     *   *   * |
| 11:12 | 20 | |
| 11:12 | 21 | |
| 11:12 | 22 | |
| 11:12 | 23 | |
| 11:12 | 24 | |
| 11:12 | 25 | |

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

```
11:12    1
11:12    2
11:12    3
11:12    4
11:12    5                          CERTIFICATE
11:12    6
11:12    7        I hereby certify that pursuant to Section 753,
11:12    8   Title 28, United States Code, the foregoing is a true and
11:12    9   correct transcript of the stenographically reported
11:12   10   proceedings held in the above-entitled matter and that the
11:12   11   transcript page format is in conformance with the
11:12   12   regulations of the Judicial Conference of the United States.
11:12   13
11:12   14   Date:   November 30, 2017
11:12   15
11:12   16
11:12                              /s/   Sharon A. Seffens   11/30/17
11:12   17                         _____
11:12                              SHARON A. SEFFENS, U.S. COURT REPORTER
11:12   18
        19
        20
        21
        22
        23
        24
        25
```