Carlin Metzger *(pro hac vice)*
cmetzger@cftc.gov
Michael Frisch *(pro hac vice)*
mfrisch@cftc.gov
Eric Schleef *(pro hac vice)*
eschleef@cftc.gov
Joseph Konizeski *(pro hac vice)*
jkonizeski@cftc.gov
Jonathan Kramer (*pro hac vice*)
jkramer@cftc.gov
Attorneys for Plaintiff
Commodity Futures Trading Commission
525 W. Monroe, Suite 1100
Chicago, Illinois 60661
Tel. 312-596-0700; Fax 312-596-0714

Kent Kawakami, California Bar #149803
Assistant United States Attorney
United States Attorney's Office, Civil Division
Central District of California
kent.kawakami@usdoj.gov
300 North Los Angeles St., Room 7516
Los Angeles, California 90012
Tel.: 213-894-4858; Fax: 231-894-2380
Local Counsel

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MONEX DEPOSIT COMPANY, et al.<br><br>Defendants. | Case No: 8:17-cv-01868-JVS-DFM<br><br>Hon. James V. Selna<br>Dept. 10C<br><br>**REPLY IN SUPPORT OF CFTC'S *EX PARTE* EMERGENCY MOTION FOR PROTECTIVE ORDER AND TO TERMINATE DISCOVERY** |

1

The CFTC offers this brief reply in support of its e*x parte* motion.

**A. The Cancellation of Mr. Gomberg's Deposition is an Obvious Ploy to Delay**

Defendants argue that they cannot conclude the deposition of Mr. Gomberg until their request to take discovery into 20- and 30-year-old investigations is resolved. Defs. Opp. DE 144, at 3-4. But Defendants' response brief demonstrates that this is a tactic to further delay the Court's consideration of the CFTC's Motion for Preliminary Injunction. To the extent Defendants want to argue about the meaning of "actual delivery" in the Commodity Exchange Act, they can do so in their response brief to the CFTC's Motion for Preliminary Injunction. To the extent Defendants want to present evidence in their response brief as to how Monex operated in 1987, there is no obstacle to them citing the materials attached to their opposition to this motion. The CFTC is not in a better position than Monex to describe Monex's business operations in 1987 and 1998. Further, the Commission would not identify Mr. Gomberg as its 30(b)(6) witness on this topic even if their requested discovery is permitted. Instead, the Commission would find a different designee. Mr. Gomberg has only been with the Commission since 2015 and is not suited to testify on the subject of investigations conducted many decades ago.

Defendants' opposition confirms the operative facts that (1) the issue of discovery into prior investigations by the Commission was not raised by Defendants until January 22, 2018; and, (2) Defendants are unilaterally cancelling the continued deposition of Mr. Gomberg because they wish to obtain a court ruling on whether discovery into prior investigations is appropriate. These issues are unrelated, and the Court should order Mr. Gomberg's deposition to proceed as scheduled.

**B. Discovery Into Prior Investigations Cannot Aid Defendants**

Defendants' argument boils down to this: (1) the CFTC must have decided that Monex complied with the law in 1987 and 1999 since it did not sue Monex then; (2) the law as it applies to Monex did not change despite the passage of Dodd-Frank in 2010; so (3) Monex is immune from liability now. *See* Defs. Opp. DE 144. As an initial matter, Defendants are wrong that "Dodd Frank didn't change the law as to Monex." *Id.* at 8.

The CFTC has and will further establish this in its briefing in connection with the pending motions, and discovery into prior CFTC investigations is irrelevant to this issue.

But on Defendants' first point, the fact that the CFTC did not sue Monex earlier is irrelevant to assessing its liability now. *Commodity Futures Trading Commission v. Monex Deposit Company, et.al.*, 824 F.3d 690, 693 (7th Cir. 2016). A federal agency's decision not to charge a violation should not be interpreted as an expression regarding the agency's view of the legality of certain conduct it may determine not to charge at the time, since federal agencies decide when and what violations to charge for any number of reasons. *See Heckler v. Chaney*, 470 U.S. 821, 831-32 (1985) (describing the complicated balancing that agency enforcement decisions are subject to). Put another way, the fact that the CFTC did not did not sue Monex 20 and 30 years ago (and the reasons for such decision) is simply not a defense nor a relevant topic of discovery now.

### C. Additional Brief Responses

#### 1. Defendants' Counsel's Travel Schedule

Multiple attorneys from two large law firms have filed appearances for Defendants. The fact that their "lead" attorney is traveling should not delay the Court's consideration of the Commission's Motion for a Preliminary Injunction, or the Commission's *ex parte* motion, given that there are others who are perfectly capable of arguing a motion or conducting 4 hours of testimony.

#### 2. Topic 1k Misstates the Commission's Allegations – And It is Not Critical

Monex is wrong to argue that Topic 1k is "critical" to the CFTC's case. Topic 1k does not even accurately state the allegations it purports to take discovery on. *Compare* D.E. 1, para. 6, w/ CFTC's responses and objections. Whether Monex's Atlas trading program is similar to futures trading is not an element of the CFTC's claim, nor part of any defense. *See* Section 2(c)(2)(D). Thus, Topic 1k is neither critical, nor relevant.

#### 3. The Statute is Clear; Reference to Legislative History is Unnecessary

Monex's argument about the relevance of two prior investigations hinges primarily on arguments regarding the legislative history of Section 2(c)(2)(D) and the meaning of

"actual delivery." But reference to legislative history is only necessary when the statute is unclear or ambiguous. Section 2(c)(2)(D) is neither unclear nor ambiguous. *See CFTC v. Hunter Wise Commodities, LLC*, 749 F.3d 967, 978-79 (11th Cir. 2014).

## **CONCLUSION**

For all the foregoing reasons, the Court should grant the CFTC's *ex parte* motion.

January 29, 2018                                    Respectfully submitted,

Attorney for Plaintiff CFTC

**/s/ Carlin Metzger**

IL ARDC No. 6275516

(Pro Hac Vice)

Commodity Futures Trading Commission

525 W. Monroe St., Suite 1100

Chicago, IL 60661

(312) 596-0536

cmetzger@cftc.gov

4

# **CERTIFICATE OF SERVICE**

I, Carlin Metzger, an attorney with the U.S. Commodity Futures Trading Commission, certify that the foregoing papers have been served counsel of record for Defendants via the Court's ECF system, and also via email, on January 29, 2018.

Date:  January 29, 2018                              Attorney for Plaintiff CFTC

**/s/ Carlin Metzger**

Carlin Metzger

IL ARDC No. 6275516

(Pro Hac Vice)

Commodity Futures Trading Commission

525 W. Monroe St., Suite 1100

Chicago, IL 60661

(312) 596-0536

cmetzger@cftc.gov